Commonwealth v. Davis.

Case 83—INDICTMENT—January 9.

## Commonwealth v. Davis.

APPEAL FROM SHELBY CIRCUIT COURT.

1. FALSE SWEARING—CORROBORATIVE EVIDENCE.—While the uncontroverted evidence of one witness is not sufficient to convict one of perjury or false swearing, it is not necessary that the evidence in addition to the one witness shall be tantamount to another witness. It is sufficient that it is strongly corroborative of the evidence of the accusing witness; and where the false oath relates to two or more facts, and one witness contradicts the accused as to one fact and another witness as to another fact, the two witnesses corroborate each other in the fact that the accused swore falsely, and their testimony will authorize a conviction.

The accused swore that he was not on a certain day at the house of either of two persons. Upon his trial for false swearing each of the persons named swore that he was at her house on that day. *Held*—That this testimony was sufficient to authorize a conviction of false swearing, and it was error to instruct the jury that in order to convict they must believe that the testimony of these two witnesses was corroborated by other testimony in the case.

2. ONE MAY BE CONVICTED OF PERJURY OR FALSE SWEARING upon documentary or written evidence alone, without a living witness.

W. J. HENDRICK, Attorney General, for appellant.

It is not necessary to corroborate two witnesses swearing to the same state of fact to convict one of false swearing.

One may be convicted of perjury or false swearing upon written or documentary evidence alone. (Greenleaf's Evidence, vol. 1, sec. 258.)

There is no difference in principle between perjury and false swearing. (Commonwealth v. Scowden, MS. Op., September Term, 1891.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, W. T. Davis, was indicted for false swearing, the oath as charged and proven being: " That he had

not upon that day (the day of his trial before a police judge upon the charge of peddling without license) nor the day before been at the house of W. D. Middleton (where Sallie Rhoda lived) nor of Bettie Waggoner, nor had he at either of said houses tried or offered to sell any clothes wringers or other goods."

Upon the trial of this case Sallie Rhoda testified that at the time charged he was at the Middleton house and talked of clothes wringers, but did not offer to sell anything to her.   Bettie Waggoner swore that at the time named he was at her house and did offer to sell her a clothes wringer.

Among other instructions the jury were told: "Unless the jury believe from the evidence beyond a reasonable doubt that the testimony of Sallie Rhoda and Bettie Waggoner is corroborated by other testimony in this case they will find the defendant not guilty, and in considering whether corroborated or not they are not to consider the testimony of another witness testifying to a distinct offense committed at another time and place."

The Commonwealth urges that this direction to the jury was erroneous. It was given, doubtless, upon the idea that one witness testifying the accused was at one place and the other at another was merely a balance to the oath of the accused, he having sworn he was at neither, and that there could therefore be no conviction upon this evidence alone.

It was the old rule, as laid down by Blackstone and other early common law writers, that two witnesses, swearing adversely to the oath of the accused, were necessary to convict of perjury.   The reason was, if there was but one witness then his oath and that of the accused

made an equal balance, and there was need of another witness to turn the scale. In time this rule was modified, and it was held sufficient if the accused were contradicted directly by one witness and the latter corroborated by other witnesses testifying to circumstances relating directly to the imputed *corpus delicti* or by other competent evidence, as, for instance, a letter written by the accused contradicting his oath. Indeed, one may be convicted of perjury upon documentary or written evidence alone without a living witness.

The strictness of the old rule was relaxed, although something contradictory of the oath of the accused beside one witness is still requisite; otherwise, there would be nothing more than the oath of one man opposed to another, and upon such a state of case it would not be safe to convict.

The true principle is that the evidence must be something sufficient to overbalance the oath of the prisoner and the legal presumption of innocence. It is not necessary that the evidence in addition to the one witness shall be tantamount to another witness, but it must be of such a character that it may turn the scale and destroy the equilibrium which exists when merely the oath of one witness is opposed to that of the accused. It must be strongly corroborative of the evidence of the accusing witness. (1 Greenleaf on Evidence, sec. 257.)

The rule applicable to perjury applies to the statutory offense of false swearing. If the evidence be corroborative of the fact that the accused swore falsely it is sufficient.

In this instance he swore in the same oath that he had not been at the house of either witness. One of them testified that he had been at her house; the other said he

was at her's, and beyond doubt the evidence of the one corroborated the other, not in the fact that he had been at the particular house but that he had sworn falsely.

In Reg. v. Hare, 13 Cox C. C., 174, where the assignment was of a continuous nature, as where the accused swore that he did not "treat" a certain person to drinks upon a certain day, the proof of one distinct act of treating by one witness was held to be sufficiently corroborated by evidence of another instance of "treating" proven by a different witness, upon the ground that both instances of "treating" proved the falsity of the oath of the accused.

The evidence of the one witness that the accused was at her house and of the other that he was at her house showed the falsity of his oath. The one corroborated the other in showing its falsity, and the instruction should not have been given.

This opinion is ordered to be certified to the lower court as the law of the case.