CASE 81—WILLIAM WILLIAMS WAS CONVICTED OF THE OFFENSE OF
FALSE SWEARING.—JUNE 10.

# Williams v. Commonwealth.

APPEAL FROM FULTON CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

FALSE SWEARING—SUFFICIENCY OF EVIDENCE—DRUNKENNESS AS DE-
FENSE.

Held: 1. To establish the offense of false swearing it is sufficient
either that there are two witnesses, or that the testimony of
the one witness is corroborated or sustained by other facts ap-
pearing in the case or testified to by other witnesses; and the
additional evidence need not be such as alone would justify a
conviction in a case where the testimony of a single witness
would suffice for that purpose.

2. Under Kentucky Statutes, section 1174 providing for the pun-
ishment of any person who "shall wilfully and knowingly
swear" falsely, the accused is entitled to an acquittal if at
the time the false testimony was given he was so intoxicated
from the use of cocaine or whisky as to incapacitate him to
understand the testimony he gave or to wilfully and knowingly
swear falsely; and the court should so instruct the jury where
the evidence is sufficient to authorize such an instruction.

SAMUEL H. CROSSLAND, ATTORNEY FOR APPELLANT.

The false oath that the defendant is alleged to have made
was "that the beer that Binford Henry and others were drink-
ing, was not furnished by William Williams, or that William
Williams did not sell or furnish any beer to Binford Henry,
and that the only beer that Binford Henry and others drank,
was brought there by Binford Henry that evening to be cooled,
and that the beer drank by Binford Henry and others was
brought to William Williams on that evening to cool for Bin-
ford Henry."

In this case, in order to sustain the indictment it was nec-
essary for the Commonwealth to establish by two witnesses,
or by one witness and other evidence strongly corroborative of
the accusing witness.

From the evidence in this case we submit that there was no

Williams v. Commonwealth.

corroboration of the testimony of Henry, which was denied by the defendant, and he was entitled to a peremptory instruciton of acquittal.

It further appears from the evidence that at the time defendant made the alleged false statement, he was so under the influence of cocaine and whisky that he did not know what he did say, and as to this fact the court gave no instruction to the jury. Under this showing, we submit that the defendant is entitled to a reversal.

## AUTHORITIES CITED.

Wharton's Criminal Law, vol. 2, sec. 1319; 1 Greenleaf on Evidence, sec. 257; Wells v. Com., 9 R., 658-59-60; Com. v. Davis, 92 Ky., 460; Trimble v. Com., 78 Ky., 176.

CLIFTON J. PRATT, ATTORNEY FOR COMMONWEALTH.

The testimony of Binford Henry, is, that he arrived in town between eight and nine o'clock in the evening, and with Dick' Henry and Judge Jones, went up to appellant's and called for four bottles of beer, that appellant set them out and they drank three of them, and that he did not, on that day, or at any time, take beer up to appellant's to have it cooled.

The testimony of Dick Henry and Judge Jones corroborates that of Binford Henry, so far as it relates to appellant's action in furnishing the beer to them. It is also shown that while they were drinking the beer, the town marshal came into the place, and upon his entrance the parties who were drinking, hurriedly left. We think these facts are strong, corroborating circumstances and fully justify the conviction of the appellant.

It is not necessary that the corroborative evidence be of equal weight to that of an additional witness.

Appellant claims to have been so under the influence of cocaine and whisky, at the time he testified, that he did not know what he did say. Yet, upon his trial, upon cross-examination, he admits knowledge of nearly every thing that transpired during his trial.

Counsel for appellant did not ask for an instruction as to his sanity at the time he testified. The burden was on him to show his incapacity. He can not now avail himself of an omission which he made no effort to supply.

## AUTHORITIES CITED.

Greenleaf on Evidence, vol. 1, sec. 257; Bishop Crim. Procedure, vol. 2, sec. 927; Crusen v. State, 10 Ohio St., 258; Com.

v. Davis, 92 Ky., 460; Barton v. Com., 17 R., 580; Ross v. Com., 14 R., 590; Commonwealth v. Maynard, 91 Ky., 131.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant was indicted for false swearing, for testifying as follows: "The beer that Binford Henry, Dick Henry, and Judge Jones were drinking was not furnished by him; that the beer they drank was brought there by Binford Henry on that evening, and Binford Henry got him to cool it; that they only drank the beer that Binford Henry brought there that evening to be cooled, and that it was not sold or furnished by him." He was found guilty, and his punishment fixed at three years in the penitentiary.

It is earnestly insisted that there was not sufficient evidence to take the case to the jury. Under the modern rule, it is sufficient either that there are two witnesses, or that the testimony of the one witness is corroborated or sustained by other facts appearing in the case or testified to by other witnesses. The additional evidence need not be such as alone would justify a conviction in a case where the testimony of a single witness would suffice for that purpose. 1 Greenl. Ev., section 257; 2 Bish. Cr. Prac., section 927. In view of all the facts in the case, we think there is sufficient evidence to justify the submission of the case to the jury.

The only defense made by the prisoner was in effect that he did not remember what he had testified to on the trial referred to; that he was at that time full of cocaine and whisky, and was drunk, so as not to know what occurred. He showed that he had the cocaine, and, if his statements are correct, had taken so much of it that only a person who was habituated to it would have survived. He also proved by several witnesses that he acted like he was about half drunk, seemed to be in a kind of stupor, sat nodding, and

looked like he was under the influence of liquor, opium, cocaine or something of the kind. No proof was offered tending to show the truth of his testimony on the former trial. On this evidence the court instructed the jury in substance that they should find him guilty if the testimony he had given on the former trial was false and known by him to be false at the time he gave it, but he did not present to the jury in any instruction the only defense which the prisoner relied on, which was in substance that, by reason of the influence of whisky and cocaine upon him, he did not know what he was doing at the time. In 1 Robertson, Cr. Law, section 32, it is said: "Voluntary drunkenness or the temporary insanity occasioned by the act of the defendant in getting drunk constitutes no defense or excuse for the commission of crime. But in cases where the intent or purpose of the party is a necessary element to constitute the offense, such as robbery, larceny, perjury, burglary, or assault with intent to rape, the accused may show that he was too drunk to have any intent at the time he committed the act." This doctrine was announced by this court in Keeton v. Com., 92 Ky., 522 (13 R., 748) (18 S. W., 359). The court said: "A distinction is plainly drawn between cases where the act done constitutes the offense and cases where there must be combined with the act done the intent of the accused in order to constitute the offense; for instance, where one kills another the act done constitutes the offense, but, where one takes the property of another, to make it larceny a felonious intent must be shown, and, while this may be inferred from the character of the taking, the defendant may show that he was unconscious at the time, or too drunk to have any intent." The crime of false swearing is committed under the statute when the defendant "shall willfully and knowingly swear, depose, or give in

evidence that which is false." Kentucky Statutes, section 1174. The corrupt intent to swear falsely is the gist of the offense no less than of the crime of perjury. Bish. Cr. Law, section 1046; 1 Roberson, Cr. Law, section 347; Spencer v. Com. (15 R., 182) (22 S. W., 559). It has been held that on an indictment for perjury it was admissible for the defendant to show that he was intoxicated at the time, and that this fact should be considered by the jury in connection with the other testimony in the case in determining whether the prisoner had guilty knowledge or intent in swearing as he did. Lyle v. State, 31 Tex. Cr. App., 103, 19 S. W., 903. See, also, Real v. People, 42 N. Y., 270; Haile v. State, 11 Humph., 154; Pigman v. State, 14 Ohio, 555, 45 Am. Dec., 558. The common-law rule as to the intent in perjury was thus stated: "It seemeth that no one ought to be found guilty without clear proof that the false oath alleged against him was taken with some degree of deliberation; for if upon the whole circumstances of the case it shall appear probable that it was owing rather to the weakness than perverseness of the party, as where it was occasioned by surprise or inadvertency, or a mistake of the true state of the question, it can not but be hard to make it amount to voluntary and corrupt perjury, which is of all crimes whatsoever the most infamous and detestable." 1 Bish. Cr. Law, section 1045. The same idea is conveyed by the statute by the words "knowingly and willfully swear." If the defendant did not knowingly and willfully swear to what was false, under the statute he is not guilty. Under the evidence the court should have instructed the jury that if, at the time the defendant gave the testimony referred to, he was intoxicated from the use of cocaine or whisky to such an extent as to incapacitate him to under-

stand the testimony he gave or to willfully and knowingly swear falsely, they should acquit him.

Judgment reversed, and cause remanded with directions to grant appellant a new trial, and for further proceedings consistent herewith.