Case 88.—PROSECUTION AGAINST TOM GOSLIN FOR FALSE SWEARING.—January 9.

## Goslin v. Commonwealth.

Appeal from Barren Circuit Court.

SAMUEL *E.* JONES Circuit Judge.

Defendant convicted and appeals.   Reversed.

1. False Swearing—Indictments—Sufficiency—An indictment for false swearing which charges "that in a trial of accused before the judge of the county court of Barren county, which had jurisdiction of the case of the prosecution of the Commonwealth of Kentucky against Tom Goslin, charged with gaming, he was sworn as a witness on his own motion by the said county   judge and therein deposed and testified that he did not play at a game of craps with Will Wheeler in that county for money or property; that the statement then made was false and was known by the witness at the time to be false; that he had previously played at the game with said Wheeler in that county for money," is a good indictment, the particulars of the transaction are set out with sufficient certainty.

2. Time—Not Necessary Allegation—In an indictment for false swearing, time not being of the essence of the offense need not be alleged otherwise than that it occurred before the find-

ing of the indictment. The matter inquired about need not have been material to the issue then being tried, as in a prosecution for perjury it would have been. It is enough if the court had jurisdiction of the case, administered the oath to the witness, that he was required to and did answer the question and that his answer was corruptly false.

3. Instructions—Two Witnesses or One Witness Corroborated—On the trial of one indicted for false swearing, it was error in the court to fail to instruct the jury that before they could convict the accused his guilt must be established beyond a reasonable doubt by the testimony of two witnesses, or of one witness and strong corroborating circumstances.

4. Oath—County Judge—Official Character—Parol Proof—Prosecution Pending—Record Evidence—On the trial of one indicted for false swearing in a case where he was sworn by the county judge, it was competent for the Commonwealth to establish by parol testimony that the person who administered the oath to the accused was at the time county judge. But it was incompetent to prove by parol testimony that the prosecution before the county judge was pending when he administered the oath to the accused. There was of necessity a record of the trial. It would have shown the offense charged, and that the prosecution was pending when the oath was administered and the testimony given.

J. LEWIS WILLIAMS and WILLIAMS & JONES for appellant.

N B. HAYS, Attorney General, and C. H. MORRIS for appellee.

(Briefs with record and not accessible to reporter. Case still pending in Appellate Court.)

OPINION BY JUDGE O'REAR—Reversing.

This appeal is prosecuted from a conviction and judgment charging false swearing. The indictment runs as follows: ''The grand jury of Barren county, in the name and by the authority of the Commonwealth of Kentucky, accuse Tom Goslin of the crime of false swearing, which was committed as follows, heretofore, to-wit: On the —— day of January, 1905, and in the county and Commonwealth aforesaid, the said Tom Goslin did then and there unlawfully and

feloniously and willfully and knowingly swear, depose, and give in evidence that which was untrue and false, in the case of the Commonwealth of Kentucky against Tom Goslin, upon the charge of unlawful gaming, a matter judicially pending and being tried before G. M. Bohannon, county judge of Barren county, who had legal jurisdiction to try said case and authority to administer an oath, when the said Tom Goslin, upon his own motion, was offered as a witness in his own behalf, after being duly sworn by the said Bohannon, did falsely, willfully, knowingly, and corruptly swear, depose, and give in evidence that he did not shoot craps and was not engaged in a game of chance and hazard with Will Wheeler and others, where money was bet, won, and lost in said game, and did not play at said game or any other game with Will Wheeler. When the said Goslin made said statements he knew that each and all of said statements were willful, corrupt, and false. In fact and in truth he did engage in a game of chance and hazard with Will Wheeler, and he knew at the time he made said statements that he did engage in a game with Will Wheeler of chance and hazard—contrary to the form of the statute in such cases made and provided. and against the peace and dignity of the Commonwealth of Kentucky.'' A demurrer was interposed to the indictment on the ground that it did not charge with sufficient particularity the occasion when appellant is alleged to have played at the game which he swore before Judge Bohannon that he had not engaged in.

The indictment need only to charge in ordinarily intelligible terms such facts as will apprise the accused with reasonable certainty of the particular offense for which he is sought to be punished. Section 124, Criminal Code. The charge here is that, in a trial of this appellant before the judge of the county

court of Barren county, which had jurisdiction of the
case, of the prosecution of the Commonwealth of Ken-
tucky against Tom Goslin, charged with gaming, he
was sworn as a witness on his own motion by the
said county judge, and therein deposed and testified
that he did not play at a game of craps with Will
Wheeler in that county for money or property. It is
further charged that the statement then made was
false, and was known by the witness at the time to
be false; that he had previously played at the game
with said Will Wheeler in that county for money. The
particulars of the transaction are set out with suffi-
cient certainty. It is not contended otherwise, except
as to the time and place where the alleged game was
played. Time, not being of the essence of the offense,
need not be alleged otherwise than that it occurred
before the finding of the indictment. The matter in-
quired about need not have been material to the is-
sue then being tried, as in a prosecution for perjury
it would have been. It is enough if the court had
jurisdiction of the case, administered the oath to
the witness, that he was required to and did answer
the question, and that his answer was corruptly false.
Nor was it material to state in the indictment when
the alleged game was played, nothing appearing in
the oath of the witness on that point.

Shackelford v. Commonwealth, 25 Ky. Law Rep.,
1830, 79 S. W., 192, is relied on by appellant. In that
case Shackelford was charged with false swearing be-
fore the grand jury. When asked whether he had
within five years seen a game of chance or hazard
played for money or property in Harlan county, he an-
swered in the negative. The indictment merely charg-
ed that he had in fact seen such a game played, with-
out charging what game it was. It was held bad,
not because the indictment did not sufficiently charge

false swearing, but because the description of the offense, in negativing the oath of the accused, was deficient. It should have apprised him, it was held, of what game the state would undertake to show that he had seen played, and when and where played. In the case at bar the falsity of the witness' testimony is charged. It is also stated that he had in fact seen the game of craps played, and had himself played at the game with Will Wheeler. This put him on notice as to the person with whom and the game played which the prosecution would undertake to establish. He says, however, that he might have played at many such games and at different times with Will Wheeler, and the State should have pointed out the one which it intended to rely on. This is not an accusation for gaming, but for false swearing. The indictment sufficiently charged the offense of gaming, as it had to do under the facts charged as constituting the offense of false swearing in that case. When the person with whom the game is charged to have been played and the amount of the stake for which it was played is charged, the defendant can not well say that he is left in ignorance of what game the State would attempt to show he played at. The demurrer was properly overruled.

Another ground of complaint is that the proof was insufficient to establish the offense. Appellant was caught by three officers in the act of playing the game. They not only saw him engaged at it, but saw him take up the stakes after a successful play by him, and put down stakes for another throw of the dice. All the witnesses did not say that they knew Will Wheeler. But one of them did, and the others identify the occasion and corroborate the main witness on that point. They were all together, and but one arrest and one playing was shown.

The Commonwealth asked the witness Bohannon if he was the county judge of Barren county, when appellant was tried for gaming. He said he was. Appellant objected on the ground that there was a record of the fact. But we think it was competent to establish this fact on parol testimony. Where one is acting as a judge of a court of record, the authority to administer an oath to witnesses before that tribunal is prima facie established, and it then devolves on the accused to show the authority in the particular case did not exist. (Biggerstaff v. Commonwealth, 11 Bush, 169; State v. Hascall, 6 N. H., 352; Woodson v. State, 24 Tex. App., 153, 6 S. W., 184; Morrell v. People, 32 Ill., 499; Masterson v. State, 144 Ind., 240, 43 N. E., 138.)

The trial court failed to instruct the jury that before they could convict in this case the guilt of the accused must be established beyond a reasonable doubt by the testimony of two witnesses, or of one witness and strong corroborating circumstances. This is an old rule of evidence, and therefore a rule of law, applicable to the rights of persons as well as to the rights of property. It is not merely a technical rule, but one of substantial justice, and founded upon a safe and wise public policy. Not only would it be unsafe, as it is sometimes said of it, that one man's oath in such matter should outweigh another's, which is possibly not entirely satisfactory, in view of that fact that it may do so in respect to property, or even life, but it is a matter of first importance in the adminstration of justice that witnesses should feel themselves safe in testifying to their own conception, recollection, and honest belief as to the facts forming the subject of inquiry in the courts. If it were so that one man could be convicted of perjury or false swearing by the oath alone of another who testifies to the

contrary, the timid and the humble and obscure would not feel safe, and would not be safe, in giving their testimony, where it might be opposed by that of one of influence and prominence. It is right that the jury, or other tribunal trying the fact, should have the privilege of weighing the evidence, of discrediting one witness entirely and believing another, according to the probability of the matter as it seems to them; but if the law allowed that one man's oath might convict another of perjury or false swearing, the effect would be to deter the timid and obscure person, and to that extent retard the administration of pure justice. It would deprive the court or jury in many instances of a full hearing from all who might have knowledge as witnesses of the facts being tried. Doubtless much false testimony is given in judicial proceedings. Yet, with the privilege of scrutinizing it, and of weighing and discarding that which appears untrustworthy, the danger to justice is less than it would be if the deterrent effect of the danger of prosecution for false swearing was before every witness who might, honestly enough, contradict some other witness in the record. False testimony is the bane of judicial trials. When it is corruptly given, generally it may be shown by more than one witness, or by one witness and strong corroborating circumstances. This wise old rule of the common law is one which this court has always recognized and enforced. It applies alike to prosecutions for false swearing and perjury; for those offenses are alike, and the principles and policy of the law applicable to one, save wherein modified by statute, apply to the other. (Commonwealth v. Davis, 92 Ky., 460, 13 Ky. Law Rep., 676, 18 S. W., 10.)

Nor is the question one for the court alone. It is for the jury to say whether the defendant is guilty.

They must say, not only that the testimony was given about which the inquiry is being made, but that it is established beyond reasonable doubt to have been corruptly false, and is so established by that quantity of evidence which the policy of the law requires as the minimum upon which that fact can be rested in a criminal prosecution for false swearing or perjury. (Commonwealth v. Davis, 92 Ky., 460, 13 Ky. Law Rep., 676, 18 S. W., 10; Williams v. Commonwealth, 113 Ky., 652, 23 Ky. Law Rep., 2046, 68 S. W., 871; Wells v. Commonwealth, 6 S. W. 150, 9 Ky. Law Rep., 658; Wadlington v. Commonwealth, 59 S. W., 851, 22 Ky. Law Rep., 1108.)

The trial court allowed the Commonwealth to prove that the prosecution before the county judge was pending when he administered the oath to the accused. We think that the rule of evidence that a fact shown by a public record must be proved by the record applies. There was, of necessity, a record of the trial. It would have shown the offense charged, and that the prosecution was pending when the oath which is the subject of this inquiry was administered and the testimony was given. The record would not necessarily show that appellant was shown as a witness, and that fact, therefore, may be shown by other evidence. But the record would prove the jurisdiction of the court to administer the oath and require the testimony in that proceeding. (Commonwealth v. Davis, 94 Ky., 612, 23 S. W., 218.)

For the errors indicated, the judgment of the circuit court is reversed, and cause remanded for proceedings not inconsistent herewith.