Case 32.—PROSECUTION AGAINST JOE ADAMS FOR PERJURY.—June 13.

## Adams v. Commonwealth.

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Defendant convicted and appeals.    Reversed.

Perjury—Indictment—Intent—An indictment on a prosecution, under Ky. St., 1903, sec. 1174, making it a felony to willfully and knowingly give false evidence, is insufficient where it does not allege, not only that the evidence given was false, but that accused knew it to be so.

C. C. BAGBY for appellant.

1. It was necessary for the indictment to allege that the grand jury before which appellant was sworn had under investigation some specific public offense.

2. In an indictment for false swearing it is extremely important to allege that the accused swore to that which is false, knowing it to be false.

3. To convict appellant on a charge of false swearing, it was necessary to have the testimony of two witnesses, or one witness and corroborating circumstances.

### AUTHORITIES CITED.

Ford v. Commonwealth, 16 Ky. Law Rep., 528; Kerfoot v.
Commonwealth, 89 Ky., 175; Shackelford v. Commonwealth, 25
Ky. Law Rep., 1830; Commonwealth v. Taylor, 96 Ky., 394;
Miller & Smith v. Commonwealth, 78 Ky., 15; Greenleaf on Evi-
dence, vol. 1, sec. 257 and note; same, sec. 259; United States v.
Wood, 14 Peters, 440 and 441; Robertson's Kentucky Criminal Law
and Procedure, vol. 1, secs. 361 and 362; Kentucky Statutes, sec.
1174; Kentucky Criminal Code, sec. 242.

N. B. HAYS, Attorney General; CHAS. H. MORRIS and LIND-
SEY SOUTH for appellee.

1. We think the indictment is good.  It sets forth the offense
with sufficient certainty to apprise the defendant of the nature of
the accusation upon which he is to be tried, and to constitute
a bar to any subsequent proceedings for the same offense.

2. The indictment sets out the date of the offense, the nature
and style of the case in which the defendant testified, the court
in which the judicial proceedings were pending, the officer who
administered the oath, with accompanying averments as to the
jurisdiction of the one and the authority of the other to do what
each did, the specific subject matter of the alleged false swearing,
with special averments of its falsity, and the knowledge on de-
fendant's part of its falsity.

### AUTHORITIES CITED.

Robertson Criminal Law & Procedure, vol. 1, sec. 361; Ross v.
Comm., 14 Ky., 590; Kerfoot v. Com., 89 Ky., 174; Goslin v.
Com., 28 Ky. L. R., 683.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.—
Reversing.

Appellant, Joe Adams, was indicted in the Boyle
circuit court for false swearing.  He demurred to
the indictment.  His demurrer was overruled.  On
the trial he was found guilty, and his punishment
fixed at one year in the penitentiary.  The indictment
against him is in these words: "The grand jury of
the county of Boyle in the name and by the authority
of the commonwealth aforesaid accuses Joe Adams of

the crime of false swearing committed in manner and form as follows: The said Joe Adams in the county and State aforesaid, on the————day of April, 1905, and before the finding of this indictment, having been duly sworn as a witness by and before the grand jury impaneled and George Mahan the foreman thereof, the said grand jury and foreman of said grand jury having the legal right to administer the said oath, of the Boyle circuit court at its April term, 1905, to make true answers to all questions that might be asked him, in answer to a question as to whether he had ever bought any whisky from any one in Boyle county within the last 12 months last past, which was a question bearing upon any violation of the local option law then and there in said county in full force and effect and was then and there being legally and of authority investigated by said grand jury, the said grand jury having the authority so to do, did then and there willfully, knowingly, and falsely testify, and state that he had not bought any whisky within the said 12 months last past 'in said county from any one when in fact and truth he had bought whisky within the said 12 months last past in said county from one Willis Harris. Against the peace and dignity of the commonwealth of Kentucky.''

The indictment was found under section 1174, Ky. St. 1903. ''If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject on which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose, or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years.'' The indictment sufficiently shows that the accused was sworn in a matter which was being investigated by the grand jury and which the grand jury had authority

to investigate. But it is not sufficiently charged that the accused knew the testimony he gave to be false. Knowledge of the falsity of the evidence is essential to the offense. In Williams v. Commonwealth, 113 Ky. 656, 23 Ky. L. R. 2046, 68 S. W. 871, we said: "The corrupt intent to swear falsely is the gist of the offense no less than of the crime of perjury."

In Goslin v. Commonwealth, 121 Ky.,-90 S. W. 223, 28 Ky. Law Rep. 683, we again said: "It is for the jury to say whether the defendant is guilty. They must say not only that the testimony was given about which the inquiry is being made, but that it is established beyond reasonable doubt to have been corruptly false." It may be that the defendant willfully, knowingly, and falsely testified as stated in the indictment, and yet it may be that he did so innocently and thinking he was telling the truth. To illustrate: It may be that he testified that he had not bought any whisky in the county within 12 months last past when in fact he had bought whisky within that time from Willis Harris, and it may also be true as testified by him on the trial that at the time he was before the grand jury his recollection was that the transaction with Harris occurred more than 12 months before. It is true the indictment substantially follows the form prepared by the codifiers and printed at the back of the Criminal Code of Practice, but as the corrupt intent is the gist of the offense it is insufficient. The indictment should have charged, not only that in fact and in truth he had bought whisky within 12 months from Willis Harris, but that he so knew when he testified before the grand jury, and the court erred therefore in overruling the defendant's demurrer to the indictment. The same defect exists in the instructions of the court to the jury. The corrupt intent is not submitted to the jury by the instructions. The court should also have instructed the jury that the guilt of the accused must be established

beyond a reasonable doubt by the testimony of two witnesses or of one witness and strong corroborating circumstances. Goslin v. Commonwealth, supra.

There was sufficient evidence to submit the case to the jury, but for the reasons indicated the judgment is reversed, and cause remanded, with directions to the circuit court to sustain the demurrer to the indictment, and for further proceedings consistent herewith.

Case 33.—ACTION BY CLARENCE STEELE AGAINST THE SOUTHERN RAILWAY IN KENTUCKY FOR DAMAGES FOR PERSONAL INJURIES.—Jan'y 23, 1906. Response to. petition for rehearing filed June 13, 1906.