CASE 26.—PROSECUTION OF ELISHA TUDOR FOR PERJURY.
        —June 2nd, 1909.

# Tudor v. Commonwealth

Appeal from Estill Circuit Court.

JAMES P. ADAMS, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1.  Indictment and Information—Essentials—Description of Of-
    fense.—The indictment sufficiently charges a statutory of-
    fense by following the language of the statute if the statute
    fully describes the offense charged; but, if not, the indict-
    ment must allege the facts which constitute the offense so
    that accused may know of what he is charged.
2.  Perjury—Indictment—Allegations—Knowledge of Falsity of
    Testimony.—Under Ky. St. 1909, Sec. 1174, imposing a penalty
    for willfully and knowingly swearing or giving any evidence of
    that which is false, an indictment for perjury charging that,
    in a prosecution of accused for unlawfully pointing a deadly
    weapon at another, he falsely, knowingly, and willfully tes-
    tified that he did not point a deadly weapon at such other,
    when he in fact did so, was bad on demurrer for not alleg-
    ing that accused knew when testifying that he did not point
    a deadly weapon at such other that he was testifying falsely;
    knowledge of the falsity of the testimony being essential.
3.  Perjury—Indictment—Sufficiency.—In a prosecution under
    Ky. St. 1909, Sec. 1174, imposing a penalty upon any one who
    shall willfully and knowingly swear to that which is false, an
    indictment for perjury for falsely swearing, in a prosecution of
    accused for pointing a deadly weapon at another, that he did
    not point a deadly weapon at another, was defective for not
    alleging that the deadly weapon pointed was a pistol; there
    being no offense, under the statute, unless the weapon pointed
    was a gun or pistol.
4.  Criminal   Law—Former   Jeopardy—Identity   of   Issues.—
    Where, in a prosecution under an indictment charging accused
    with swearing falsely in a prosecution in the circuit court
    for pointing a pistol at another, the indictment was dismissed

Tudor v. Commonwealth.

and the case re-referred to the grand jury after it was discovered early in the trial that the swearing was done in a trial before the county court, accused was not put in jeopardy by the partial trial under the first indictment so as to bar a conviction under a second indictment charging him with such false swearing in a prosecution in the county court, since proof of the facts alleged in the second indictment would have constituted a fatal variance from the allegations of the first indictment.

CLARENCE MILLER for appellant.

The grounds relied on for reversal are:
1. The court erred in overruling demurrer to the indictment.
2. The verdict is not sustained by the evidence.
3. The trial court erred in instructing the jury.
4. The court erred in not instructing the jury to find defendant not guilty.
5. The court erred in overruling defendant's motion for a new trial by reason of newly discovered evidence.

## AUTHORITIES.

Adams v. Commonwealth, 94 S. W. 664, 29 Ky. L. R. 683; Goslin v. Commonwealth, 90 S. W. 220, 28 Ky. L. R. 683; Williams v. Commonwealth, 113 Ky. 656; 68 S. W. 871; Huff v. Commonwealth, 42 S. W. 907, 19 Ky. L. R. 1064; Am. & Eng. Ency, P. & P., page 747; McFarland's Adm'r v. Clark, 9 Dana 134; City Covington v. Bortwick, 26 Ky. L. R. 782.

JAMES BREATHITT, Attorney General and THEO B. BLAKEY Assistant Attorney General for Commonwealth.

## POINTS AND AUTHORITIES.

1. Sufficiency of Indictment.—Ky. Statutes, Sec. 1174; Revised Statutes, Art. 8, Sec. 2; Commonwealth v. Schweiters, 29 K. L. R. 417; Williams v. Commonwealth, 113 Ky. 652; Milstead v. Commonwealth, 21 R.; Commonwealth v .Taylor, 96 Ky. 394; Commonwealth v. Davis, 94 Ky. 613; Commonwealth v. Powell, 2 Met. 10.

2. Sufficiency of Evidence.—Williamson v. Commonwealth, 31 R. 61.

3. Former Jeopardy.—Bishop's New Criminal Law, Sec. 152; Clark's Criminal Procedure, page 396-400; Turner v. Commonwealth, 19 R. 1161; Hughes v. Commonwealth, 115 S. W. 744; Goslin v. Commonwealth, 28 R. 683.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

Appellant was convicted under an indictment charging him with the crime of false swearing, and his punishment fixed at confinement in the penitentiary one year. From the judgment entered upon the verdict of the jury he prosecutes this appeal.

The indictment charges: "That said Elisha Tudor on the 24th day of July, 1908, did unlawfully, willfully, feloniously, and falsely, after having been first duly sworn by O. K. Noland, judge Estill quarterly court, said Noland having authority to administer an oath, to testify to the truth on the trial of an action, then pending before said Noland, judge of Estill county and quarterly court, wherein the commonwealth of Kentucky was plaintiff and Elisha Tudor was defendant involving the question of the guilt or innocence of said Tudor charged in said court with the offense of unlawfully pointing a deadly weapon at another, did falsely, knowingly, willfully and feloniously testify that he did not point a deadly weapon at Turner Brinegar in Estill county, and within twelve months next before he was arrested on said charge, when in truth and in fact said Elisha Tudor did point a deadly weapon at Turner Brinegar within twelve months next before said arrest and in Estill county." The crime of false swearing is defined and the penalty therefor fixed by section 1174, Ky. St. 1909, which reads as follows: "If any person, in any matter, which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn,

when sworn by a person authorized by law to administer an oath shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

Appellant's first contention is that the trial court erred in overruling his demurrer to the indictment. Where the offense charged is purely statutory, the indictment will be sufficient if it follows the language of the statute, provided the words of the statute are fully descriptive of the offense; but, if they are not, it is essential that the indictment set out the facts which constitute the offense so the defendant may have notice of that with which he is charged. Our meaning finds an illustration in the case of the Commonwealth v. Moore, 30 S. W. 873, 13 R. 212, in which this court in passing upon an indictment for carrying away or injuring property found under section 1256, Ky. St. 1909, held that, although it followed the language of the statute, the indictment was insufficient because it failed to allege that the taking of the property was without the consent of the owner. Again, in Adams v. Commonwealth, 123 Ky. 258, 94 S. W. 664, 29 R. 683, the court expressed itself to like effect. The indictment charged that the defendant did to the grand jury "willfully, knowingly and falsely testify and state that he had not bought any whisky within the said twelve months last past in said county from any one, when, in fact, and in truth he had bought the whisky within the said twelve months last past in said county from one Willis Harris. * * *'' In declaring the insufficiency of the indictment the court said: "The indictment sufficiently shows that the accused was sworn in a matter which was being in-

vestigated by the grand jury and which the grand
jury had authority to investigate. But it is not suffi-
ciently charged that the accused knew the testimony
he gave to be false. Knowledge of the falsity of the
evidence is essential to the offense. In Williams v.
Commonwealth, 113 Ky. 652, 68 S. W. 871, 28 R. 465,
we said: 'The corrupt intent to swear falsely is the
gist of the offense no less than of the crime of per-
jury.' * * * It is true the indictment substantially
follows the form prepared by the codifiers and
printed at the back of the Criminal Code of Practice,
but, as the corrupt intent is the gist of the offense,
it is insufficient. The indictment should have charged
not only that in fact and in truth he had bought
whisky within twelve months from Willis Harris,
but that he so knew when he testified before the grand
jury, and the court erred, therefore, in overruling
the defendant's demurrer to the indictment.'' Goslin
v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 R.
683. The authorities, supra, are conclusive of the in-
stant case. The indictment against appellant fails
to allege that he knew when testifying that he did
not point a deadly weapon at Turner Brinegar that
the testimony was false. Omitting to thus charge
the ''corrupt intent,'' the indictment was fatally de-
fective, and the demurrer to it should have been sus-
tained.

The indictment contains yet another defect, which,
though, perhaps not fatal to its validity, should be
corrected if there is a re-reference of the case to the
grand jury. The defect referred to consists in the
failure of the indictment to allege that the deadly
weapon pointed by appellant at Turner Brinegar was
a pistol. If the deadly weapon was not a gun or pis-

tol, no offense was committed by appellant under the statute, supra, in pointing it at Brinegar.

Appellant further contends that the jury should have been peremptorily instructed to acquit him because he had previously been put in jeopardy in a trial under another indictment for the same offense. It appears that the indictment under which appellant was convicted was the second one returned against him for the same offense. After beginning his trial under the first indictment, which charged that the false swearing of which he was therein accused was committed in a trial in the circuit court, it was early developed by the Commonwealth's evidence that it was done on his trial before the county judge under an indictment against him for pointing a pistol at another, whereupon the first indictment for false swearing was dismissed by the Commonwealth's Attorney, and the case re-referred to the grand jury, which resulted in their returning the last indictment. Appellant was not put in jeopardy by the partial or interrupted trial under the first indictment for false swearing; nor did the dismissal thereof bar the second prosecution under the last indictment. Obviously a conviction could not have resulted under the first indictment, for what is set out in the second indictment, if proved on the trial under the first, would not have made a case against the appellant thereunder, as the variance would have been fatal. Hughes v. Commonwealth (Ky.) 115 S. W. 744; Turner v. Commonwealth (Ky.) 42 S. W. 1129, 19 R. 1161; Bishop's New Crim. Law, sec. 152.

The conclusions already expressed make it unnecessary for us to consider the other grounds for reversal relied on by appellant.

For the reasons indicated the judgment is reversed and cause remanded, with directions to the lower court to sustain the demurrer to the indictment, and for further proceedings consistent with the opinion.