## Pipes v. Commonwealth.

(Decided May 3, 1912.)

Appeal from Washington Circuit Court.

1. Indictment—False Swearing—Demurrer to Indictment.—An indictment against appellant for false swearing under section 1174 Ky. Stats., having failed to allege that he, at the time of giving the alleged false testimony, knew it to be false, is fatally defective, and his demurrer thereto should have been sustained.

2. Indictments—Indeterminate Punishment—Verdict Erroneously Fixing Punishment—Duty of Trial Court.—Although under the statute providing indeterminate punishment in felony cases, it is the duty of the trial court, after the return of a verdict of guilty, to enter judgment fixing the punishment, if the verdict of the jury, in addition to finding the defendant guilty, should erroneously fix his punishment, the error will not invalidate that part of the verdict declaring his guilt, provided judgment fixing his punishment as required by the statute is duly rendered by the court.

SPALDING & SPALDING, S. A. RUSSELL for appellant.

JAMES GARNETT, D. O. MYATT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was convicted in the court below under an indictment charging him with the crime of false swearing, the verdict of the jury being as follows:

"We, the jury, find the defendant guilty and fix his punishment at two-and-one-half years in the penitentiary.

"T. W. BAILEY—one of the jury."

By the judgment rendered the court treated the verdict as a mere finding of the appellant's guilt, and, disregarding the penalty therein indicated, fixed his punishment at confinement in the penitentiary not less than one nor more than five years. Appellant complains of the re-

fusal of the court to grant him a new trial—hence this appeal.

The first contention of his counsel is that the court erred in overruling appellant's demurrer to the indictment. The indictment is as follows:

"The Grand Jury of Washington county in the name and by the authority of the Commonwealth of Kentucky, accuse Tom Pipes of the crime of false swearing, committed as follows, viz: The said Tom Pipes on the 24th day of May, 1911, and within twelve months before the finding of this indictment in the county and Commonwealth aforesaid after having been first duly sworn by I. H. Thurman, Judge of the Washington Circuit Court, said Judge having the authority to administer an oath to testify to the truth on the trial of said Tom Pipes on an indictment then pending in the Washington Circuit Court charging the said Tom Pipes with the offense of having whiskey in his possession in local option territory, to-wit: Washington county, Kentucky, for the purpose of sale did knowingly, wilfully, and corruptly falsely testify on said trial under said indictment in his own behalf that three gallons of the whiskey he had in his possession at the time alleged in said indictment was the property of and was delivered by him to Mrs. Jno. Polin and that one and one-half gallons of the whiskey he had in his possession at the time alleged in said indictment was the property of and by him delivered to Will Hungate, when in fact and in truth the said three gallons of whiskey which he had in his possession at the time alleged in said indictment was not the property of Mrs. Jno. Polin and was not delivered to her by the said Tom Pipes and in fact and in truth the said one-and-one-half gallons of whiskey which he had in his possession at the time alleged in said indictment was not the property of and was not delivered to Will Hungate by the said Tom Pipes, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The indictment is based on section 1174 of the Kentucky Statutes, which reads as follows:

"If any person in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly swear, depose or give

in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years.''

The ground of demurrer is, that the indictment is fatally defective, in that it fails to allege that the appellant, at the time of making the alleged false statements, knew them to be false. This court has uniformly held that an indictment for false swearing is not good which fails to charge that the accused at the time of giving the alleged false testimony knew it to be false; knowledge of the falsity of the evidence being essential to the offense. Keerfoot v. Commonwealth, 89 Ky., 175; Adams v. Commonwealth, 123 Ky., 258; Goslin v. Commonwealth, 121 Ky., 699.

In Adams v. Commonwealth, supra, the indictment charged the offense of false swearing; it being therein alleged that the defendant Adams, after being sworn to make true answers to all questions that might be put to him by the foreman of the grand jury, in answer to the question as to whether he had bought whiskey from any one in Boyle county within the twelve months last past, which was a question bearing on any violation of the local option law within the time indicated in that county, "did there and then wilfully, knowingly, corruply, falsely testify, and did state, that he had not bought any whiskey within the twelve months last past in said county from any one, when in fact and in truth he had bought whiskey within the twelve months last past in the said county from one Willis Harris, against the peace and dignity of the Commonwealth of Kentucky.''

It will be observed that the indictment failed to charge that the defendant in giving the false testimony, knew it to be false. Because of this omission it was held that the Circuit Court erred in overruling the defendant's demurrer to the indictment. In the opinion it is said:

"But it is not sufficiently charged that the accused knew the testimony he gave to be false. Knowledge of the falsity of the evidence is essential to the offense. * * * The corrupt intent to swear falsely is the gist of the offense no less than of the crime of prejury. In Goslin v. Commonwealth, 121 Ky., 699, we said: 'It is for the jury to say whether the defendant is guilty. They must say not only that the testimony was given about which the inquiry is being made but that it is established beyond a reasonable doubt to have been corruptly false.' It may be that the defendant wilfully, knowingly and

falsely testified as stated in the indictment, and yet it may be that he did so innocently and thinking he was telling the truth. To illustrate: It may be that he testified that he had not bought any whiskey in the county within twelve months last past, when in fact he had bought whiskey within that time from Willis Harris, and it may also be true as testified by him on the trial that at the time he was before the grand jury his recollection of the transaction with Harris was that it occurred more than twelve months before. It is true the indictment substantially follows the form prepared by the codifiers and printed at the back of the Criminal Code of Practice, but as the corrupt intent is the gist of the offense it is insufficient. The indictment should have charged not only that in fact and truth he had bought whiskey from Willis Harris, but that he so knew when he testified before the grand jury, and the court erred in overruling defendant's demurrer to the indictment.''

It is, however, contended by counsel for the Commonwealth that the indictment in the instant case sufficiently charges appellant's knowledge of the falsity of the testimony in question by the allegation, preceding the setting forth of the false testimony, that appellant "did knowingly, willfully, corruptly, falsely" testify, etc., which, it is claimed, is in effect a charge that he knew the testimony to be false, and rendered unnecessary an allegation of its falsity, the omission of which appellant complains of. This contention is without merit. The words "willfully" and "knowingly" are required by the statute to be used, but the word "corruptly" does not appear in the statute. While to constitute the offense the false testimony must have been given with a corrupt intent or motive; to stop with a mere statement that it was corruptly done, would be but to aver by way of inference or conclusion, appellant's knowledge of its falsity; and such a statement cannot take the place of an allegation of the fact that he had such knowledge. Because of the absence of this allegation of fact the indictment is insufficient, and, therefore, the demurrer to it should have been sustained. Appellant further complains that by the instructions given the jury by the trial court they were permitted to fix his punishment; whereas, they should only have been instructed to pass upon the question of his guilt, it being the province of the court, if he was found guilty, to enter judgment

fixing his punishment at confinement in the penitentiary not less than one nor more than five years.

The complaint is not without force, but the error of the court complained of, was not prejudicial to the appellant. Except as to the matter of permitting them to fix appellant's punishment, the jury were correctly instructed on the law of the case; and the validity of so much of the verdict as found him guilty, was not affected by its also fixing his punishment, as the latter feature of it was properly disregarded by the court and the verdict accepted, insofar as it found appellant guilty, and by virtue thereof the judgment fixed his punishment as required by the statute.

Because of the error of the Circuit Court in overruling the demurrer to the indictment, the judgment is reversed and cause remanded, with instructions to that court to set aside the verdict and judgment, sustain the demurrer to the indictment, and for further proceedings not inconsistent with this opinion.