### Pitman v. Commonwealth.

(Decided May 1, 1923.)

## Appeal from Harlan Circuit Court.

Perjury—Indictment Must Allege Act Accused had Denied was Committed on Date Inquired About.—An indictment for false swearing, which charged that accused falsely swore that he did not on a stated date commit a certain act, when in fact and in truth he did commit that act, without alleging that he committed the act on the stated date, is insufficient.

HALL, JONES & LEE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was convicted of false swearing, challenges the sufficiency of the indictment which is as follows:

"The grand jury of Harlan county, in the name and by the authority of the Commonwealth of Kentucky, accuse Marion Pitman of the crime of false swearing, committed in manner and form as follows, viz.: The said Marion Pitman in the state and county aforesaid, and on the 4th day of April, 1922, and within — months before the finding of this indictment, did unlawfully, falsely, wilfully and knowingly, after being duly sworn by M. W. Howard, county judge, having authority to administer an oath to testify to the truth on a trial then before the said county judge, wherein the Commonwealth of Kentucky was plaintiff and Marion Pitman defendant, wherein said Pitman was charged with transporting intoxicating liquor unlawfully, said Pitman did falsely swear that he did not on April the first, 1922, come down the road on Clover fork in Harlan county, Kentucky, with a sack on his back, that said statement was false, wilful and known to the said Pitman to be false when he made said state—, and when in fact and in truth he did come down the road on Clover fork in Harlan county in Kentucky with a sack on his back, against the peace and dignity of the Commonwealth of Kentucky."

The indictment charges that appellant did falsely swear that he did not on April 1st, 1922, come down the road on Clover fork in Harlan county, Kentucky, with a

sack on his back. The truth of this statement is negatived by the following words: "And when in fact and in truth he did come down the road on Clover fork in Harlan county in Kentucky with a sack on his back." It will be observed that the truth of the alleged false statement is negatived only by the general averment that the accused did come down the road on Clover fork in Harlan county in Kentucky with a sack on his back, and that no mention was made of the date on which this was done. As appellant was charged with having falsely sworn that he did not do a particular thing on a particular date, the date was all important, and the truth of the alleged false statement could not be negatived except by an allegation that he did the particular thing on the particular date. Thus in Commonwealth v. Still, 83 Ky. 275, where the accused was charged with having testified falsely that he did not see a game of cards played at a particular time and place, it was held that the indictment which merely alleged that his statements were false, and known by him to be false, was insufficient, and should have averred that the accused did see the game of cards played at the time and place mentioned. For the same reason the negativing clause in the indictment in question should have contained the words, "on said date," or other equivalent words. It follows that the demurrer to the indictment should have been sustained.

The indictment being insufficient, it is unnecessary to consider the other questions presented.

Judgment reversed and cause remanded for proceedings consistent with this opinion.