## Sizemore v. Commonwealth.

(Decided October 6, 1925.)

### Appeal from Owsley Circuit Court.

1. Criminal Law—Office of Motion for New Trial Stated.—Only office of motion for new trial is to bring to court's attention errors occurring during trial, which do not otherwise appear of record, and for which new trial may be granted.

2. Criminal Law—Insufficiency of Indictment Not Ground for New Trial—Practice is to Remand with Directions to Set Aside Judgment.—Insufficiency of Indictment is not ground for new trial; uniform practice, where indictment will not sustain conviction, being to remand case, with directions to set aside judgment and sustain demurrer to indictment.

3. Criminal Law—Alleged Insufficiency of Indictment Need Not be Included in Grounds for New Trial.—Alleged insufficiency of indictment need not be included in the grounds for a new trial.

4. Perjury—Indictment for False Swearing, Not Stating Matter Pending, nor Specifying Public Offense Being Investigated by Grand Jury, Fatally Defective.—Indictment for false swearing, which fails to state matter judicially pending, or to specify public offense being investigated by grand jury, with respect to which defendant was sworn and made alleged false statements, but merely charging that he was duly sworn by foreman, "who had authority to administer an oath," and that statement was material and about matter in which defendant could legally be sworn, is fatally defective.

5. Perjury—Indictment for Falsely Swearing, that Defendant did Not Commit Certain Act on Stated Date Insufficient, in Absence of Allegation that he Committed Act on Such Date.—Indictment charging that accused falsely swore that he did not commit certain act on certain date, without alleging that he committed it on such date, is insufficient.

6. Perjury—Indictment Must Charge that Accused Knew Falsity of Testimony at Time.—Indictment for false swearing must charge that accused knew of falsity of testimony at time of giving it, and allegation that he "unlawfully, falsely, willfully, corruptly, and feloniously and knowingly" testified as set forth is not sufficient.

H. C. EVERSOLE and IKE WILDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was convicted of false swearing, insists that the court erred in overruling the demurrer to the indictment. The Commonwealth meets this contention with the claim that the alleged error is not available, as it was not included in the motion and grounds for a new trial. The only office of a motion for a new trial is to bring to the attention of the court errors occurring during the trial which do not otherwise appear of record, and for which a new trial may be granted. The insufficiency of the indictment is not a ground for which a new trial may be granted, for the simple reason that no court will ever order a new trial on an indictment which, it has

decided, will not sustain a conviction. Therefore, the uniform practice is not to award a new trial, but to remand the case with directions to set aside the verdict and judgment and sustain the demurrer to the indictment. For this reason it is the rule that in the absence of motion and grounds for a new trial the only question that may be considered is the sufficiency of the indictment, Philpot v. Commonwealth, 69 S. W. 959, 24 Ky. Law Rep. 757, which is but another way of saying that the insufficiency of the indictment need not be included in the grounds for a new trial.

The indictment is as follows:

"The grand jury of Owsley county, in the name and by the authority of the Commonwealth of Kentucky, accuse John Sizemore of the offense of false swearing, committed in manner and form as follows, to-wit:

"The said defendant John Sizemore, in the county of Owsley, on the 16th day of July A. D. 1924 and within twelve months before the finding of this indictment, did unlawfully, falsely, willfully, corruptly and feloniously and knowing swore before the grand jury of Owsley county after being duly sworn by J. M. Porter, the foreman them of who had authority to administer an oath that he did not on March 24, 1924, make an affidavit before Hon. V. T. Thomas in which he stated that Barney Gay, Bascom Dooley and Bill Banks came to my house on Saturday, March 16th, 1924, and were drunk or were acting like they were drunk and that I smelled liquor on them as they passed my gate going into my house when in truth and in fact he did make said affidavit; that said statement and statement were material and about a matter in which defendant could legally be sworn, said affidavit being duly attached hereto, filed herewith and made a part hereof, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

It is the rule in this state that an indictment for false swearing is fatally defective which fails to state the matter judicially pending, or to specify the public offense being investigated by the grand jury with respect to which the defendant was sworn and made the alleged

false statements. Childress v. Commonwealth, 197 Ky. 641, 247 S. W. 705. Here, the indictment merely charges that appellant was duly sworn by J. M. Porter, the foreman, "who had authority to administer an oath," coupled with the further allegation that the statement was material, "and about a matter in which defendant could legally be sworn." It is at once apparent that this allegation falls far short of stating the matter judicially pending, or of specifying the public offense being investigated by the grand jury.

It is also the rule that an indictment which charges that accused falsely swore that he did not on a stated date commit a certain act when in fact and in truth he did commit that act, without alleging that he committed the act on the stated date, is insufficient. Pitman v. Commonwealth, 198 Ky. 826, 250 S. W. 114. Following this rule, the negativing clause, "when in truth and in fact he did make said affidavit," should have contained the words, "on said date," or other equivalent words.

Moreover, an indictment for false swearing must charge that the accused, at the time of giving the alleged false testimony, knew it to be false, and the allegation that he did "unlawfully, falsely, willfully, corruptly and feloniously and knowing" testify as set forth is not sufficient. Pipes v. Commonwealth, 148 Ky. 174, 146 S. W. 38.

Wherefore, the judgment is reversed and cause remanded with directions to set aside the verdict and judgment, sustain the demurrer to the indictment, and for further proceedings consistent with this opinion.