# Williams v. Commonwealth.

Oct. 3, 1941.

A. T. W. Manning, T. E. Moore and K. N. Salyer for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Andy Williams, was convicted in the Leslie circuit court of the crime of false swearing and punished by three years confinement in the penitentiary. The alleged false oath as a foundation for the indictment was the testimony given by appellant at the trial of the same election contest involved in the case of Elvin Williams, whose conviction for a similar offense was reversed by us on September 26, 1941, in the case of Wil-

liams v. Commonwealth, 287 Ky. 570, 154 S. W. (2d) 563. The instant appellant complains of two of the same errors as did Elvin Williams on his appeal, and which we sustained. They were (1) error of the court in overruling appellant's motion for a change of venue, and (2) error in overruling his motion to quash the indictment—each of which we sustained in that (Elvin Williams) opinion. The appellant in that case also relied on a third ground which we also sustained, and which was—that the testimony in his case did not measure up to the requirements of the law to sustain a conviction of false swearing, or perjury, in that there was no corroboration of the only witness who testified to the falsity of appellant's testimony as given in the contested election case.

In addition to relying upon the first two grounds that are common in both this and the Elvin Williams case, appellant here also argues as grounds for reversal of his conviction (a) that the court erred in overruling his demurrer to the indictment, and (b) in overruling his motion to set aside the swearing of the jury because of improper argument by prosecuting counsel. The judgment will have to be reversed because of errors (1) and (2) found to exist in the Elvin Williams case, and the reader is referred to that opinion for our discussion and disposition of them.

Additional ground (a) appearing in this case, but not appearing in the Elvin Williams case, is also well taken, since it is essential to an indictment for false swearing or perjury, for the indictment to not only allege that the testimony, or false oath of the accused, was false, but also that at the time he gave it he *knew* it to be false, and that requirement is not met by general language in the description of the offense in the indictment saying that the false testimony was "wilfully, feloniously and knowingly" given by the one so accused. The case of Adams v. Commonwealth, 123 Ky. 258, 94 S. W. 664, 665, 29 Ky. Law Rep. 683, involved an indictment for the same offense as is here preferred against the instant appellant. It was alleged that the false testimony given by the accused was "wilfully, knowingly and feloniously" given; but it was nevertheless held by us to be insufficient because it did "not sufficiently charge that the accused knew the testimony he gave to be false. Knowledge of the falsity of the evidence [false oath] is

essential to the offense." The same essential to a proper indictment for this character of offense has been sustained by this court in many cases both preceding and following the Adams opinion. Some of the later ones are, Pipes v. Commonwealth, 148 Ky. 174, 146 S. W. 38; Sizemore v. Commonwealth, 210 Ky. 401, 276 S. W. 123, and Wheeler v. Commonwealth, 248 Ky. 728, 59 S. W. (2d) 992. That the general language ordinarily found in the descriptive part of such an indictment, to the effect that the defendant "wilfully, feloniously and knowingly" made the alleged false statement, did not meet the essential charge that the accused *knew* at the time he gave his testimony, or made the false oath, that what he stated was false, is expressly declared in the Pipes opinion [148 Ky. 174, 146 S. W. 39] in this language: "It may be that the defendant willfully, knowingly, and falsely testified as stated in the indictment, and yet it may be that he did so innocently and thinking he was telling the truth." It was also contended in that case that inasmuch as the indictment there under consideration also employed in its descriptive part the word "corruptly," it met the essential requirement of knowledge of the falsity of the testimony of the accused and that it was not required that the same charge should be couched in express and direct terms; but that contention was denied by this court in this language: "The words 'wilfully' and 'knowingly' are required by the statute to be used, but the word 'corruptly' does not appear in the statute. While to constitute the offense the false testimony must have been given with a corrupt intent or motive, to stop with a mere statement that it was *corruptly* done would be but to aver by way of inference or conclusion appellant's knowledge of its falsity; and such a statement cannot take the place of the allegation of the fact that he had such knowledge."

We have been cited to no case, nor have we been able to find one in conflict therewith. On the contrary, the requisites of an indictment for perjury or false swearing, as declared in the Pipes opinion, have been uniformly approved in every case coming to this court so far as our knowledge extends. The indictment in this case did not accuse appellant with *knowledge* of the falsity of his testimony in the contested election case at the time he gave it, and for which reason it was insufficient and the court should have sustained appellant's demurrer filed thereto.

The additional ground (b.) relied on by appellant in this case arose in this manner: Appellant did not testify at his trial and prosecuting counsel in his argument to the jury said: "All the testimony you have got is the testimony for the Commonwealth, Gentlemen of the Jury." Immediately counsel for defendant' objected and entered motion to set aside the swearing of the jury and continue the case, which the court overruled by saying to the jury: "Gentlemen of the jury, you are not to consider the statement in regard to the defendant not testifying in this case." Whereupon the same prosecuting counsel said: "It was stated by me he would be impeached but we didn't because he didn't appear as a witness and we had no right to impeach him." The emphasized statement to the jury, that all the testimony given in the case was that furnished by the commonwealth, appears in different places of counsel's argument, and those statements, plus, counsel's explanation before the jury, together with the court's remarks most emphatically called the attention of the jury to the fact that appellant had not testified in the case.

Section 1645 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes permits a defendant in a criminal prosecution to testify in his own behalf upon his request to do so, but a part of it says: "But his failure to do so shall not be commented upon, or be allowed to create any presumption against him." Numerous cases are cited in the notes to that section in the edition of the Statutes referred to, and in Baldwin's Annual Supplement thereto, in which we reversed convictions where comment was expressly made upon the fact that defendants had not testified in their own behalf, and in every one of them it was held that it was the duty of the court to set aside the submission and continue the case when such comment was made if the defendant on trial requested it. Those cases are decisive of the question as presented in this record, and for that reason also the judgment is erroneous.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside by sustaining the motion for a new trial, and for proceedings consistent with this opinion.