Wm. L. Sullivan of Dorsey & Sullivan, Henderson, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

**Thomas Vincent GREENWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1958.

STANLEY, Commissioner.

The appellant, Thomas Vincent Greenwell, was convicted of the crime of false swearing. The indictment charged him with giving false testimony in a previous criminal proceeding against him, in which he was charged with a species of forgery.[1]

The indictment charges that the defendant "did voluntarily testify in his own behalf and in doing so, did falsely, knowingly and wilfully testify that in the year 1956 he raised a crop of soybeans [on certain land] when in truth and in fact the said Greenwell had not raised a crop of soybeans upon said land * * *" In a number of cases we have held that although the

1. The specific charge being "Obtaining the signature of another by false token."

We are today affirming a judgment of conviction of the crime. 317 S.W.2d 859.

indictment may charge the accused had "falsely and knowingly and wilfully" testified to certain statements, it is not sufficient, for it lacks the essential element that at the time the accused knew the statements to have been false. The present indictment does not charge in form or substance that the alleged statements made under oath were at the time known by the accused to have been false.

■ In the leading case of Adams v. Commonwealth, 123 Ky. 258, 94 S.W. 664, 665, 29 Ky.Law Rep. 683, we stated that "it may be that the defendant willfully, knowingly, and falsely testified as stated in the indictment, and yet it may be that he did so innocently thinking he was telling the truth." We further observed in that opinion that the form of the indictment for false swearing appearing in the appendix to the Criminal Code of Practice as Form No. 52 (which was followed in the present case) is erroneous because it omits the ele-· ment of a corrupt intent, which is the gist of the offense.

■ The Commonwealth recognizes this ruling but submits the Adams and like cases are unsound and should be overruled. The argument is that the statute, KRS 432.170, makes it a crime if any person under the prescribed conditions "shall willfully and knowingly swear, depose or give in. evidence that which is false" and does not specifically require that at the time the witness knew the statements were false. It is submitted that such an element is necessarily implicit in the term "willfully and knowingly swear" that which was false. It is further argued that following the language of the statute meets the requirement of § 122, subsection 2, of the Criminal Code that an indictment shall state facts "in such manner as to enable a person of common understanding to know what is intended." The Commonwealth points out that § 134 of the Criminal Code says that an indictment for perjury is sufficient if it contains prescribed statements, one of which is "proper allegations of the falsity of the matter on which the perjury is assigned." But we

are dealing here with the statutory offense of false swearing, which is not altogether the same as common law perjury.

The court feels that the rule heretofore laid down that it is fatal to omit the element of scienter from an indictment is too well fixed to overrule it. In addition to the Adams case, supra, 123 Ky. 258, 94 S.W. 664, 29 Ky.Law Rep. 683, are the following cases confirming the rule, viz.: Goslin v. Commonwealth, 121 Ky. 698, 699, 90 S.W. 223; Tudor v. Commonwealth, 134 Ky. 186, 119 S.W. 816; Pipes v. Commonwealth, 148 Ky. 174, 146 S.W. 38; Conn v. Commonwealth, 234 Ky. 153, 27 S.W.2d 702; Wheeler v. Commonwealth, 248 Ky. 728, 59 S.W.2d 992; Williams v. Commonwealth, 287 Ky. 659, 154 S.W.2d 728.

The court should have sustained the defendant's demurrer to the indictment on account of the fatal omission.

The judgment is reversed.