## L. C. LEA *v.* THE STATE.

1. PERJURY. *Indictment for. Materiality of false oath. How averred.*
   It is sufficient in an indictment for perjury to charge generally that the matter sworn to in the false oath was material to the issue or point of inquiry upon which it was taken, without showing particularly how it was material.

2. SAME. *Corroborative evidence. Instruction. Case in judgment.*
   L. was indicted for falsely swearing that he had not unlawfully sold liquors to C., G., B., etc. The court instructed the jury trying his case that separate unlawful sales which different witnesses testified had been made by L. at different times might be treated as corroborative evidence of each other. *Held,* that this was error. Any one sale must be proven by two witnesses, or one witness and corroborating circumstances, and proof of one sale is not corroborative evidence of another.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

The grand jury of Tate County found on indictment for perjury against L. C. Lea, charging "that on the 9th of April, 1885, in the county of Tate aforesaid and State aforesaid, a certain issue was joined between the State of Mississippi and L. C. Lea, upon an indictment against the said Lea for unlawfully selling vinous and spirituous liquors, in the Circuit Court of Tate County, of which cause the said court had jurisdiction, and that on the said April 9, 1885, at the regular April term of the Circuit Court of said county, held at the court-house thereof by the Hon. A. T. Roane, circuit judge of said court, who was by law authorized to hold said court, the said issue and cause between the State of Mississippi and the said L. C. Lea came on to be tried, and was then tried in due form of law by a jury of the said county of Tate, in that behalf duly taken and sworn between the said parties, and upon the said trial upon the issue aforesaid the said L. C. Lea did

then and there appear and tender himself as a witness in his own behalf, and was received to give evidence on behalf of himself, the said Lea, defendant aforesaid; and that the said Lea did then before the said court take his corporal oath, and was then duly sworn upon the Holy Gospel of God by William B. Sloan, clerk of said court, who by law was authorized to administer said oath, that the evidence he, the said Lea, should give to the court and the jury sworn between the parties aforesaid, touching the matters in question in said issue, should be the truth, the whole truth, and nothing but the truth, and then upon the trial of the said issue it became and was a material question and matter in the same, whether the said Lea had sold directly, or indirectly, in Tate County any vinous or spirituous liquors in a less quantity than one gallon to either P. G. Cromwell, Taylor Gibson, James Bowie, John McDowell, Sr., or John McDowell, Jr., at any time between the 1st of August, 1884, and April 9, 1885, and it became and was a material question and matter whether the five half-barrels of whisky then (meaning at the time of the progress of and during the trial of the cause) in his, the said Lea's, business house in Senatobia, were the same and identical five half-barrels of whisky which he, the said Lea, had received from and at the railroad station of Love's about the 10th of March, 1885; and that thereupon the said Lea being so sworn as aforesaid, devising and intending to cause and procure a verdict to pass for him, did then and there, to wit, on the said 9th of April, 1885, upon the trial aforesaid before the said court and jury, falsely, feloniously, willfully, knowingly, corruptly, and wickedly, and by his own proper act and consent upon his oath aforesaid, depose, swear, give evidence to the jury so sworn as aforesaid, amongst other things in substance and to the effect following, that is to say, that he, the said L. C. Lea, had not directly nor indirectly in Tate County sold any vinous or spirituous liquors in a less quantity than one gallon to either P. G. Cromwell, Taylor Gibson, James Bowie, John McDowell, Sr., or John McDowell, Jr., at any time between August 1, 1884, and April 9, 1885, and that the five half-barrels of whisky then (meaning at the time of the progress of and during

the trial of the said cause) in his, the said Lea's, business house in Senatobia, were the same and identical five half-barrels of whisky which the said Lea had received from and at the railroad station of Love's about the 10th of March, 1885. Whereas in truth and in fact the said L. C. Lea had, between August 1, 1884, and April 9, 1885, sold in Tate County vinous and spirituous liquors in less quantities than one gallon to P. G. Cromwell and to Taylor Gibson, and to James Bowie and to John McDowell, Sr., and to John McDowell, Jr., and whereas in truth and in fact the said five half-barrels then (meaning at the time of and during the progress of the trial of said cause) in the business house of said Lea in Senatobia were not the same and identical five half-barrels of whisky which the said Lea had received from the railroad station of Love's about the 10th of March, 1885, all of which he, the said Lea, well knew, and so the grand jury aforesaid, upon their oaths aforesaid, do say and present that the said L. C. Lea, on the trial of the said issue on the day and year aforesaid, and before the court aforesaid, falsely, maliciously, wickedly, knowingly, corruptly, and feloniously, in manner and form as aforesaid, did commit willful and corrupt perjury, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Mississippi."

The defendant moved to quash the indictment, because it charges perjury upon testimony "which upon the face of said indictment appears to be not material to the issue joined in the cause in which said testimony was given."

The court overruled the motion, and the defendant was tried, and by the jury found "guilty."

On the trial the court gave for the State the following instruction to the jury:

"1. In determining the question whether or not defendant did sell vinous or spirituous liquors to either of the parties mentioned in the indictment, the jury may not only look to the evidence of any one witness who has testified that he did buy such liquor of Lea, but may also look to the evidence of all witnesses who have testified, if any have so testified, of having bought such liquors

about that time. of said Lea, as evidence tending to corroborate the evidence of the other, and in determining his guilt or innocence under the indictment, the jury should look to the whole evidence in the case, not to the evidence of one witness only."

The defendant made a motion in arrest of judgment on the following grounds:

"1. The indictment in this cause does not point out with sufficient certainty the issue that was on trial when said alleged perjury was committed.

"2. The said indictment is vague, indefinite, and uncertain, and does not clearly indicate the issue that was being tried at the time defendant is alleged to have committed perjury.

"3. Said indictment charges perjury upon testimony which upon the face of said indictment appears to be not material to the issue joined in the cause in which said testimony was given."    This motion was also overruled.

From the judgment against him the defendant appealed.

*Shands & Johnson,* for the appellant.

The court erred in overruling the defendant's motions in arrest of judgment, and to quash the indictment.    The indictment does not so define and point out the issue on trial at the time the alleged offense was committed as to show upon its face that the alleged false evidence was material.

The point that we here raise we do not think has been directly passed upon in this State.    We submit that § 2928 of the Code of 1880 does not settle it.    In many of the States it is held that an averment that the false testimony was material is a sufficient allegation without setting forth the facts that establish its materiality.    In quite a number of well-considered cases it is held that the indictment must show upon its face the facts that determine the materiality of the alleged false statements.    We ask the court to follow this rule as the most reasonable and just.    See *State* v. *Holden,* 48 Mo. 93; *Commonwealth* v. *Pickering,* 8 Grattan 628; *State* v. *Wakefield,* 9 Mo. App. 326; *State* v. *Bowlus,* 3 Heisk. (Tenn.) 29; *State* v. *Stillman,* 7 Cold. (Tenn.) 34; *State* v. *Thrift,* 30 Ind. 211; *State* v. *Chandler,* 42 Vt. 446; *People* v. *Collier,* 1

Mann. (Mich.) 137 ; *Morrell* v. *The People,* 32 Ill. 499 ; *State* v. *Beard,* 1 Dutch. (N. J.) 384.

The State's first charge is objectionable as being upon the weight of evidence. This charge contravenes the well-recognized rule that there must be two witnesses, or one witness and corroborating circumstances upon each separate assignment of perjury. The jury are told that though one witness against the defendant on each separate sale is not sufficient, still, if they find that the defendant is contradicted by one single witness upon a number of separate and distinct points, one witness to each point, then that is the corroborating testimony required by the law. To say that each separate assignment of perjury must be proven by the testimony of two witnesses, or one witness and corroborative evidence, and then to add that the proof of one separate assignment by one witness may be considered as corroborative proof of another assignment supported by one witness, is to entirely destroy the rule. 2 Wharton on Criminal Law, § 2278 ; 1 Greenleaf on Evidence, § 257 a.

*Eugene Johnson,* of counsel for the appellant, argued the case orally.

*T. M. Miller,* Attorney General, for the State.

1. The indictment was sufficient under § 2928, Code 1880. While it is essential to aver the materiality of the false testimony, the pleader has his choice between two methods ; he may say that it was material (as in this case), or he may set out facts from which its materiality will, in matter of law, appear. 2 Bish. Cr. Pro. 921 ; 2 Wharton Cr. L. 2263 and cases cited.

2. The sufficiency of the evidence to show the materiality and falsity of the oath and the correctness of the instructions I submit to the court.

The Attorney General also argued the case orally.

ARNOLD, J., delivered the opinion of the court.

The failure to state in the indictment facts necessary to show the materiality of the false testimony, was not a cause for which the indictment should have been quashed, or for which the judg-

ment should have been arrested. In an indictment for perjury, it is sufficient to charge generally that the matter sworn to in the false oath was material to the issue or point of inquiry upon which it was taken, without showing particularly how it was material. The pleader has choice of two methods on the subject; he may either charge that the matter of the false oath was material, or he may set out the facts which show its materiality in law. 2 Whart. Cr. L., § 2263; 2 Bish. Cr. Pro., § 921.

By the first instruction given for the State, the jury was permitted to treat the several and separate sales which different witnesses testified had been made by appellant, at different times, as corroborative evidence of each other. This was error. Proof of either asssignment of perjury contained in the indictment, by two witnesses, or by one witness and corroborating circumstances, would have supported conviction; but the better opinion in such case is, that proof of one assignment is not corroborated by proof of another, even when all the perjuries assigned are committed at the same time and place. 1 Greenleaf on Evidence, § 257 a; Wil-. liams v. Com., 91 Pa. St. 493 ; Reg. v. Parker, 1 Car. & Marsh. 639.

*For the error in the instruction to which reference has been made, the judgment is reversed and the cause remanded.*