THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BARNES, Appellant.— Judgment of conviction of the County Court of Nassau county reversed upon the law and the facts and a new trial ordered. The remarks of the trial judge at folios 149, 155, 156, 164, 361, 413, 414, 1385 and 1386, and the methods of the district attorney in conducting his cross-examination, appearing at folios 1338 to 1414, were prejudicial to defendant's right to a fair trial. The use made of the Federal grand jury record of 1922 was improper. In the interests of substantial justice a new trial should be had. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERCY KATZ, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed upon the law and information dismissed, upon the ground that the instrument in question does not come within the prohibition of the statute (Penal Law, § 1897*), it being neither a firearm nor a dangerous weapon. (*People* v. *Thompson*, 227 App. Div. 712.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY QUINN, Appellant.— Judgment of conviction of the County Court of Richmond county reversed upon the law, indictment dismissed and bail exonerated. The testimony of Dr. Tyson does not destroy the equilibrium produced by the oath of Natalie against the oath of Quinn. That testimony is as consistent with Quinn's story as it is with Natalie's story. The knife blade extracted from Natalie's skull by Dr. Tyson, and so testified to, might have found lodgment there by reason of its having been in Natalie's hand at the time Quinn claims he pushed Natalie's hand against Natalie's person, and likewise it might have found lodgment there by reason of having been in Quinn's hand and used upon Natalie at the time of the assault. One inference is just as reasonable as the other; and that being so, the equilibrium between the two oaths is not disturbed, and it is essential to a perjury conviction that, where the perjury is founded upon the testimony of one witness, there be independent facts or circumstances corroborating the testimony of the individual whose testimony must be accepted to establish the falsity of the testimony of the person charged with perjury. Such corroborative testimony is not present here. The testimony invoked as corroborative of Natalie is just as susceptible of being labeled as corroborative of the testimony of Quinn. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

---

* Amd. by Laws of 1921, chap. 297, and subsequent statutes.— [REP.