THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELIAS ROSENBURG, Defendant.

County Court, Kings County, July 3, 1952.

*Raphael P. Koenig* for defendant.

*Miles F. McDonald, District Attorney (William I. Siegel* of counsel), for plaintiff.

SOBEL, J. The defendant, Rosenburg, has been indicted for perjury. The accusation arose out of testimony given by him in another grand jury proceeding. In that proceeding Rosenburg testified that his employees, Brown and Collington, received certain wages during a stated period. As a result of his testi-

mony these employees were indicted for grand larceny in connection with supplemental relief grants they received from the city welfare authorities.

The indictments against the employees, Brown and Collington, have not been brought to trial. The District Attorney after investigation determined to proceed against Rosenburg for perjury and procured this indictment.

The defendant, Rosenburg, moves to dismiss the perjury indictment on the ground that there was insufficient legal evidence before the Grand Jury.

I have examined the Grand Jury minutes. Each of the employees, Brown and Collington, testify that they received during the stated period wages considerably less than as testified to by the defendant, Rosenburg. Each testifies as to his own wages not that of the other. In addition other employees testify to receiving considerably less wages than those indicated on the payroll records of the defendant.

The law is clear that conviction for perjury cannot be sustained when the sole evidence is the oath of a prosecuting witness against the oath of the defendant. In perjury there must be two witnesses or one witness supported by strong corroborative evidence which clearly establishes the falsity of the defendant's testimony and the truth of the accusing witnesses' testimony. (*People* v. *Quinn,* 228 App. Div. 822; *People ex rel. Madigan* v. *Sturges,* 110 App. Div. 1; *People* v. *Henry,* 196 App. Div. 177; *United States* v. *Palese,* 133 F. 2d 600.)

In this indictment there is one count for perjury, first degree, with respect to Brown's and Collington's wages. There is no specification or count with respect to the wages of the other employees. The defendant contends that Brown's testimony does not corroborate Collington's and vice versa; also that the testimony of the other employees does not serve to corroborate Brown or Collington. In short, it is the defendant's contention that testimony that he lied about other employees' wages, is not corroborative of either of the prosecuting witnesses.

In this contention defendant is correct on the law although there are no cases in this jurisdiction in point.

Wharton's Criminal Evidence (11th ed., Vol. 3, § 1397, p. 2284) states: "The corroboration must go to some one particular false statement. It is not sufficient to prove by one inadequate line of testimony that one statement made by the defendant is false, and then by another inadequate line of testimony that another statement made by him is false. There must be full corroboration for each assignment."

The following cases are cited by Wharton's:

In *Regina* v. *Parker* (1 Car. & M. 639) A. stated in an affidavit that he had paid all his creditors in full. Several creditors testified to the nonpayment of his own debt. It was held that this was insufficient; that as to the nonpayment of each debt it was necessary to have two witnesses or one witness plus corroboration.

In *Williams* v. *Commonwealth* (91 Pa. St. 493, 501) the court held that the State could not corroborate testimony of one corrupt payment or contribution by proof that the defendant made other and similar payments and contributions.

In *Bea* v. *State* (64 Miss. 278) defendant in one proceeding denied that he had sold liquor to several specific persons. In the prosecution for perjury each witness testified that a sale had been made to him. The court held (p. 283): " but the better opinion in such case is, that proof of one assignment is not corroborated by proof of another, even when all the perjuries assigned are committed at the same time and place."

In Corpus Juris Secundum (70 C. J. S., Perjury, § 70, pp. 541–542) the following appears: " Where there are several assignments of perjury, the testimony of a single witness must be corroborated with respect to the assignment concerning which he testified. Proof of one assignment is not corroborated by proof of another, even though all the perjuries were committed at the same time and place [citing cases heretofore discussed]. Where, however, there is one assignment of a continuous nature, the rule is otherwise. [Citing *Commonwealth* v. *Davis,* 92 Ky. 460.] "

In the *Davis* case (92 Ky. 460) the defendant, a peddler, was charged with peddling without a license. He testified that he had not called upon A. and B. among others. On the perjury trial, A. and B. testified that he had called at their homes. The court said (pp. 462–463): " One of them testified that he had been at her house; the other said he was at her's, and beyond doubt the evidence of one corroborated the other, not in the fact that he had been at the particular house but that he had sworn falsely."

In the *Davis* case the charge was false swearing to one general assignment that he had not peddled merchandise without a license. It was proper to show that he swore falsely by the testimony of two witnesses at whose home he had called. They each testified not to the fact that he had called at their respective homes, but swore that he had peddled without a license contrary to his oath that he had not.

A similar case is *Barton* v. *Commonwealth* (17 Ky. L. Rep. 580). The defendant testifying in his own behalf on a trial for larceny, swore that the goods allegedly stolen by him were sent to him through the mail and picked up by him at the post offices at C. and W. At the perjury trial, the respective postmasters of C. and W. each testified that no such goods were ever received at their offices or delivered by them to the defendant. The court held that the testimony of one corroborated the other. In that case too, there was one general assignment. The issue was whether the defendant swore falsely at the larceny trial concerning the acquisition by mail of the stolen goods. It was proper to show by two witnesses that the goods had not been received through the mail and that his oath in that regard was false.

Another case on that point is *United States* v. *Palese* (133 F. 2d 600, *supra*). In an investigation by a grand jury concerning corrupt practices in an election, the defendant swore that he had not given money to influence any voter. Two voters testified that they had each received money from the defendant. The court held that one corroborated the other. That case too involved a single general assignment. (See, also, *United States* v. *Seavey*, 180 F. 2d 837, certiorari denied 339 U. S. 979.) In this case too there was a single general assignment coupled with a specific assignment. But the court found additional corroborative evidence.

In the case before me the defendant is charged specifically with giving false testimony concerning the wages of Brown and Collington. Although there is only one count, there are actually two separate and specific assignments mentioned in the indictment. The defendant is not charged by a single general assignment with swearing falsely to the accuracy of the payroll records. In such a case under the decisions, it would perhaps be competent to show the falsity of his oath by the testimony of the several employees, not as corroborative of each other but under the two witness rule.

On the indictment in issue, I must rule that the testimony of each employee as to his own wages is not at all corroborative of the testimony of either of the prosecuting witnesses as to their wages. Brown must be corroborated independently. Collington must be corroborated independently.

With respect to the testimony of the prosecuting witnesses Brown and Collington, that is particularly true since if they had not testified as they did, they would thereby have admitted their own guilt of the larceny charges. *(People ex rel. Madigan* v.

*Sturges,* 110 App. Div. 1, *supra.*) With respect to the other employee witnesses, it would permit the People to prove other distinct offenses in order to raise an inference that the defendant had committed the crime in question or had a tendency to commit such crimes. (*People* v. *Grout,* 174 App. Div. 608.) This the law does not permit.

This opinion is for the guidance of the parties on the trial. For although the defendant is correct in his main contention, I do find some other evidence which serves to corroborate Brown and Collington. The weight and sufficiency of the corroborative evidence is for the trial court or jury and is not to be weighed on this motion. Motion denied.