## SECOND DEPARTMENT, FEBRUARY, 1958

## (February 3, 1958)

■ In the Matter of AUDREY LEWIS, Appellant, against EDWARD LEWIS, Respondent.— Application for certification pursuant to section 593 of the Civil Practice Act that a constitutional question is directly involved denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. A. RUSSELL RICHARDS, Defendant. (Indictment No. 7315.) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. A. RUSSELL RICHARDS, Defendant. (Indictment No. 7316.) — Motion to dismiss indictments numbered 7315 and 7316 returned by the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of Suffolk County. The motion is made on the ground of insufficiency of proof to warrant the return of the indictments. Indictment No. 7315 charges defendant with accepting bribes during the 14 months commencing with November, 1951. This indictment is primarily based on the testimony of one Miller that he had received bribes from book-makers and had turned over part of them to defendant, the chief investigator in the office of the District Attorney of Suffolk County. Indictment No. 7316 charges defendant with perjury in the first degree, and is based on the testimony of defendant that he had not received such bribes. Motion granted, indictments dismissed and bail exonerated. Miller is an admitted accomplice. There is no corroboration other than evidence which, the prosecution asserts, serves to show that from 1951 through 1954 defendant spent more than he indicated was available to him. This evidence has no probative value. At the instance of the prosecution, defendant executed a detailed balance sheet showing net worth and an estimate of living expenses. Neither of these statements showed income derived from all sources. A summary conclusion of an accountant as to excess of outgo over income was taken from a report made by him, which was referred to, but not offered in evidence. The conclusion was based, in part, on statements to the accountant by the prosecutor. Not only is there no evidence as to income from all possible sources but there is no evidence as to the amount of dividends, if any, from assets set forth by defendant, namely, shares of stock of a corporation conducting a store, stocks and bonds, and an interest in a gasoline filling station. Even if it be assumed that the proof sufficiently showed

that defendant had spent more money than he claimed to have available, that fact is not material as tending to show that he took the alleged bribes (Code Crim. Pro., § 399; *People* v. *Kress*, 284 N. Y. 452, 460). A conclusion that the difference was attributable to bribes, rather than to one or more of countless other possibilities, would rest on speculation rather than inference. A fortiori, the proof is insufficient to warrant the perjury indictment (*People* v. *Quinn*, 228 App. Div. 822; *People* v. *Gleason*, 285 App. Div. 278, 286). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.