■ ALBERT OPOLINER et al., as Stockholders-Lessees of Joint Queens-view Housing Enterprise, Inc., Respondents, v. JOINT QUEENSVIEW HOUSING ENTERPRISE, INC., Appellant.— In an action for a declaratory judgment and incidental relief, brought by stockholder-tenants in a co-operative housing development against its corporate owner and operator, the defendant appeals from so much of an order of the Supreme Court, Queens County, entered May 27, 1960, as denies its cross motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice dismissing the complaint, and as grants plaintiffs' motion for a temporary injunction restraining defendant: (a) from interfering with plaintiffs' possession of washing machines in their apartments; (b) from terminating their leases because of their possession of the washing machines; and (c) from instituting summary proceedings against them because of their possession of such machines. Order insofar as appealed from affirmed, with $10 costs and disbursements. In our opinion, a question of fact exists with respect to the reasonableness of the defendant's rule prohibiting entirely the use or possession of washing machines in plaintiffs' apartments, especially since such rule was adopted some time after defendant had permitted washing machines to be purchased, installed and used by a number of its other tenants in the same housing development (cf. *Thousand Is. Park Assn.* v. *Tucker,* 173 N. Y. 203, 212, 213). Under the circumstances disclosed, we believe it was a proper exercise of discretion to grant the temporary injunction (cf. *Schuehle* v. *Reiman,* 86 N. Y. 270). Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALICE A. HICKS, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Dutchess County, rendered May 26, 1959, convicting her, after a jury trial, of perjury in the second degree, and sentencing her to serve a term of 60 days; and (2) from each and every intermediate order. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the jury's verdict are affirmed. With respect to the fundamental rule applicable to prosecutions for perjury, the Trial Judge failed to charge the jury that a conviction for perjury may not rest only upon the uncorroborated testimony of a single witness (*People* v. *Doody,* 72 App. Div. 372, 383, affd. 172 N. Y. 165; *People* v. *Quinn,* 228 App. Div. 822; *People* v. *Henry,* 196 App. Div. 177, 183; *People* v. *Gleason,* 285 App. Div. 278, 286). Although there were no exceptions or requests to charge on behalf of the appellant, in our opinion the failure to charge that rule was prejudicial to appellant's rights and requires a new trial in the interests of justice (Code Crim. Pro., § 527), particularly since the corroborating evidence was of slight probative value and might well have been disregarded by the jury if they were instructed as to the rule to be applied. We also regard as error the instruction to the jury to the effect that their verdict must be the same under each of the two counts of the indictment (cf. *People* v. *Moore,* 261 App. Div. 876). No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.