Archibald C. Wemple, J.
The defendant herein is charged with perjury in that he testified before the Grand Jury that he had not written certain words on two different competitive civil service examination papers. The People have presented two handwriting experts, who, after examining a sample of the defendant’s handwriting, compared it with the examination papers in question and testified that it was their opinion that the words on the examination papers were written by the defendant.
The attorney for the defendant argues that this opinion evidence does not satisfy the law concerning the proof necessary to sustain a perjury indictment, and that therefore both indictments should be dismissed. The law as to perjury which is often referred to as “ oath against oath” is found in a well-settled Federal rule which is followed in New York State. It holds that in prosecutions for perjury the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused. There must be either two witnesses who testify that the defendant violated his oath, or one witness to that, and corroboration by other evidence that substantiates the testimony of that one witness. (Weiler v. United States, 323 U. S. 606.) This rule has been followed in New York State also. (People v. Quinn, 228 App. Div. 822 ; People ex rel. Madigan v. Sturgis, 110 App. Div. 1 ; People v. Henry, 196 App. Div. 177 ; People v. Rosenburg, 203 Misc. 22 ; People v. Phillips, 14 Misc 2d 565.) All of these cases concern facts where oral evidence is relied upon to convict. In People v. Doody (72 App. Div. 372, affd. 172 N. Y. 165), the court said, at page 383, “ It is manifest, however, that this rule does not apply in cases where the proof of the perjury is necessarily based upon circumstantial evidence. It is only necessary in any case to produce evidence sufficient to counterbalance the oath of. the defendant and the legal presumption of his innocence. (People v. Stone, 32 Hun 41.) ” The court further said: “ That a person can be convicted of perjury without the production of a witness to testify to the falsity of the evidence of defendant on which the indictment rests is held in United States v. Wood (14 Pet. 430).” In *721 the Doody case the defendant was convicted by his own previous statements, and no other witnesses were used.
In the present case we have circumstantial evidence in the form of opinion testimony involved and the “ oath against oath ” rule does not come into play.
In order that the Grand Jury return an indictment they must have before them sufficient evidence to overcome the presumption of innocence, with which the defendant is cloaked. (People v. Nicosia, 164 Misc. 152 ; People v. Frost, 204 Misc. 44.) This court feels that under all the testimony and evidence before it the Grand Jury was justified in returning these indictments. The question of the credibility of the expert witnesses is one for the trial jury at the time of trial and the defendant will have ample opportunity to contradict these expert witnesses if he wishes at the time of trial. The defendant will also have an opportunity to produce other witnesses and evidence to support his defense. It must be remembered that only the prosecution case is ordinarily heard by the Grand Jury whereas in a trial court both prosecution and defense are presented to the end that justice to the People and the defendant can be fully administered. The trial jury can speak upon the whole ease.
The three-count indictment charging this defendant with violation of section 1863 of the Penal Law is not supported by sufficient evidence. These counts charge the defendant with fraudulent certification of payrolls for employees improperly appointed. It is an accusation predicated upon the assumption of the guilt of this defendant as to the counts of perjury set forth in one of the indictments herein. It is, in fact, prematurely found because the facts upon which it is alleged have not yet been established. It is a charge grounded and founded upon inferences or assumptions of fact not yet proved. As such it is defective and must be dismissed.
Based upon the foregoing, motion to dismiss the four counts of perjury against this defendant is denied. Motion to dismiss the three counts of violation of section 1863 of the Penal Law is hereby granted.