Benjamin Gassman, P. J.
In a two-count information, the defendant is charged with the crime of perjury in the second degree, in that, when he testified before the Grand Jury in a case entitled “ People v. Schwartz ” he denied that he had two certain telephone conversations with the complainant Wise, concerning a certain promissory note alleged to have been executed by the defendant, payable to the order of Schwartz.
In perjury cases, falsity must be established by two witnesses or by one witness supported by strong corroborative evidence. (People v. Rosenburg, 203 Misc. 22.) A conviction of perjury cannot be had on the uncorroborated testimony óf a single witness. “ [T]ho courts have never deviated from the fundamental, special and extraordinary rule adopted solely and exclusively for perjury cases ” (People v. Phillips, 14 Misc 2d 565, 568). “ The rule * * * is .deeply rooted in past centuries ” (Weller v. United States, 323 U. S. 606, 608-609).
There has never been defined — and rightfully so — any rigid rule prescribing the nature of the corroboration required by law. As far back as 1865, the English courts in Regina v. Shaw (10 Cox Or. 66, 72) said: “ What degree of corroborative evidence is requisite must be a matter for the opinion of the tribunal that tries the case, which must see that it deserves the title of cor *255 roborativo evidence. Any attempt to define the degree of corroboration necessary would be illusory
In New York State, while the corroborative evidence need not be “ tantamount to another witness ”, yet it must be “ strongly corroborative ” of the single witness (Woodbeck v. Keller, 6 Cow. 118, 119, 120). This is particularly true where the principal witness is an “ interested ” or “ biased ” witness (People v. Henry, 196 App. Div. 177, 184).
What is true of the quality of corroborative evidence is also true of the evidence sought to be supplied by the second witness. If the testimony of either the principal witness or the second witness is not credible, then no conviction can be had.
The complainant Wise, who is the principal witness, is an interested witness. He is the holder of a $6,300 promissory note, which, it is claimed, the defendant executed and which he sought to collect from the defendant. It was he who testified to the two telephone conversations with the defendant, which the defendant denied — before the Grand Jury — that he had with him. Wise testified that he had his stenographer call the defendant on the telephone on March 3, 1964 (the date of the alleged first conversation) and that he spoke to the defendant on the telephone on that date. He also testified that he instructed his stenographer to listen in on that conversation, which lasted four or five minutes. Yet, strangely enough, he did not instruct his stenographer to take down stenographically any part of that telephone conversation. Instead, he testified, that shortly after that telephone conversation, he dictated to his stenographer an affidavit setting forth his recollection of that conversation. His stenographer was the second witness. She testified that prior to March 3, 1964, she had never spoken to the defendant, either personally or over the telephone, and that therefore, on March 3, 1964, she did not know whether the voice on the other end of the line, was the defendant’s voice. However, two months later, in May, 1964, while she and Wise were outside the Grand Jury room, waiting to testify, Wise pointed the defendant out to her, telling her that it was Lieberman. She testified that although she was not instructed by Wise to listen in on the conversation which, she stated, Wise then had with the defendant, she nevertheless managed to overhear the very brief conversation Wise then had with the defendant, and that from that brief conversation, she was able to identify the voice she heard on March 3, 1964, as the voice of the defendant.
Although Wise testified that he had spoken personally with the defendant on February 6, 1964, and that he was therefore able to identify the voice in the March 3, 1964 telephone conver *256 sation as being the voice of the defendant, his testimony, standing alone, would not be sufficient to convict the defendant of perjury. In our opinion, the testimony of Wise’s stenographer was not so convincing as to induce the conclusion that guilt of the defendant was proven beyond a reasonable doubt.
The defendant’s motion, at the end of the entire case, is granted. The information is dismissed and the defendant is acquitted.
Gagliano and Downing, JJ., concur.