THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RAYMOND FELLMAN, Respondent.— Appeal by the People from a trial order of dismissal rendered November 10, 1971, by the Supreme Court, Suffolk County, at the end of the People's case upon a nonjury trial. Christ, J., votes to affirm, with a memorandum, in which Rabin, P. J., concurs; Hopkins, J., votes to reverse and to order a new trial, with a memorandum, in which Martuscello, J., concurs; and Munder, J., votes to dismiss the appeal, with a memorandum. Christ, J. I agree, upon the reasoning of Mr. Justice Hopkins in his memorandum, that the trial order of dismissal is appealable. However, I believe that the People's case was not sufficiently strong to permit a finding that defendant was guilty beyond a reasonable doubt. A defendant may not be convicted of perjury on the uncorroborated testimony of one witness (Penal Law, § 210.50). Here, there was only one witness who testified against defendant. Although it is true that circumstantial evidence may be admitted to supply the necessary corroboration, Criminal Term correctly held that the circumstantial proof was inadequate. The inferences which could be drawn from the circumstantial evidence presented pointed equally to defendant's innocence as well as his guilt. In such a case the inference most favorable to defendant must be drawn. Therefore, it would have been error for the trier of the facts to draw an inference of guilt. Without such an inference there could be no corroboration in the instant case. Instead, we are left only with the testimony of the one witness. As stated previously, this is not enough to convict a defendant of perjury. The indictment was correctly dismissed at the close of the People's case. Defendant had no duty to prove or refute anything. The People's burden was to introduce on its direct case evidence sufficient to prove defendant's guilt beyond a reasonable doubt. This they failed to do. Therefore, I vote to affirm. Hopkins, J. Defendant was indicted on four counts of perjury in the first degree in that he had willfully testified falsely before a grand jury. He was tried without a jury at Criminal Term. At the end of the People's case, he moved for a " trial order of dismissal ", on the ground, among others, that the People had

failed to make out a prima facie case. Criminal Term granted the motion and dismissed the indictment. The People appeal under subdivision 2 of CPL 450.20. Two main questions are presented in this case: (1) whether the People have a right of appeal and (2) whether, assuming that the appeal lies, the indictment should have been dismissed because the evidence was insufficient to establish a prima facie case against defendant. Subdivision 2 of CPL 450.20 provides that the People may appeal from a trial order of dismissal entered pursuant to CPL 290.10 or CPL 360.40. CPL 290.10 authorizes the trial court to dismiss an indictment on the ground that the trial evidence is legally insufficient to establish the offense charged or a lesser included offense. CPL 360.40 provides for the same procedure relating to trials under an information. Hence, it is clear that the People now are entitled to appeal from an order of dismissal at the end of the People's case based on the insufficiency of the evidence. This is a new remedy, since under the Code of Criminal Procedure an acquittal directed by the court, whether at the close of the People's case or of the entire case, was not appealable by the People (cf. *People* v. *Marra,* 13 N Y 2d 18, 20–22). Defendant urges two reasons to support his claim that the order is nonappealable. First, he contends that CPL 450.20 has no application to a trial without a jury. I do not agree. There is nothing in the section itself to indicate that it is limited to a dismissal of the indictment at a jury trial. Moreover, subdivision 4 of CPL 320.20, governing the conduct of a nonjury trial, prescribes that the provisions for motion practice and general procedure "with respect to a jury trial are, wherever appropriate, applicable to a nonjury trial." I see nothing inappropriate in permitting the People to appeal from a dismissal for insufficiency of evidence at the end of its case in a nonjury trial, just as it admittedly might appeal from a dismissal on the same ground after a jury trial. If the order is erroneous in either instance, the People are prejudiced, and subdivision 2 of CPL 450.20 was designed to correct the inequity resulting from a blunder of the court which frees a defendant from standing a full trial. I think it is as appropriate to permit review of such a dismissal in a nonjury case as it is in a jury case, for the same reasons of public policy favor the appeal in both. The second reason offered by defendant is that the dismissal was really on the merits — a determination of innocence — and that therefore it is not appealable. In this conclusion we think defendant wrongly construes the action of Criminal Term. Defendant did not have the opportunity to present proof at the trial, for the court granted his motion to dismiss after the People rested. It is immaterial that he might not have presented any evidence; he was entitled to the opportunity and he had not rested on the People's case when he moved to dismiss. Furthermore, as we read the opinion of Criminal Term, it was its judgment that the evidence of the People was insufficient as a matter of law. That determination, in our view, does not concern itself with the factual issue of guilt, which in turn is based on the intangible factors of credibility and probability that a trier of the facts must weigh and evaluate. Criminal Term did not meet that issue, because it decided that it need not, in the light of the insufficiency of the evidence against defendant as a matter of law. We hold, accordingly, that this is a proper case for review. In dismissing the indictment, Criminal Term found that the evidence was insufficient to establish the requisite corroboration under section 210.50 of the Penal Law. That section provides that the falsity of a statement may not be shown by the uncorroborated testimony of one witness. Here there was but one witness — Roberts — who testified against defendant. But circumstantial evidence traditionally has been admitted to supply the corroboration required (*People* v. *Quinn,* 228 App. Div. 822; 7 Wigmore, Evidence

[3d ed.], § 2042; cf. *People* v. *Doody*, 172 N. Y. 165; *People* v. *Agnew*, 77 Cal. App. 2d 748). At the trial corroborative evidence, circumstantial in character, was presented by the People. Criminal Term held the circumstantial proof was inadequate, because, as it said, such proof " is to have no effect if it is consistent with both the hypothesis of innocence and the hypothesis of guilt " and " an inference may not be based upon an inference." There is little written in the books concerning the quality of circumstantial evidence in a prosecution for perjury. I first note that the admonition against piling an inference on an inference is but another way of stating the familiar rule that circumstantial evidence cannot be equivocal to prove guilt in criminal cases (see *People* v. *Foley*, 307 N. Y. 490; Fisch, New York Evidence, § 164). We deal therefore with the nature of the circumstantial evidence which the rule demands. It is settled that there is no requirement that evidence corroborative of an accomplice's testimony must be consistent only with guilt (*People* v. *Ogle*, 104 N. Y. 511, 515; *People* v. *Bloodgood*, 251 App. Div. 593; *People* v. *Freeman*, 160 App. Div. 640, affd. 213 N. Y. 688; cf. *People* v. *Caprio*, 25 A D 2d 145, 149, affd. 18 N Y 2d 617). Nor is there any requirement that each piece of circumstantial evidence point only to guilt; rather, the circumstantial evidence must be considered as a whole (*People* v. *White*, 41 A D 2d 629; *People* v. *Cathey*, 38 A D 2d 976). We see no reason that both of these rules should not apply to corroboration in a prosecution for perjury. Indeed, the doctrine that circumstantial evidence must be unequivocal is more properly applied in a case in which proof of guilt depends in its totality on circumstantial evidence (cf. *People* v. *Cleague*, 22 N Y 2d 363, 365-366). Where the proof in part rests on direct evidence, the doctrine may be inappropriate (*People* v. *Bonifacio*, 190 N. Y. 150, 156-157). Here, there was of course direct evidence with respect to the false statement attributed to defendant by the testimony of Roberts. In short, the issue whether the circumstantial evidence should be accepted by the trier of the facts either partly or wholly or not at all was determinable after all the evidence had been received, and then as a matter of fact and law, and not merely as a matter of law (cf. *People* v. *Wright*, 28 Misc 2d 719). Generally, the trier of the facts must decide the issue by the same standards of veracity and trustworthiness as are invoked in any other case (see *Weiler* v. *United States*, 323 U. S. 606). Here, if believed, the circumstantial evidence satisfied the statutory standards of section 210.50 of the Penal Law. Nor do the standards become less cogent because this case was tried without a jury. Criminal Term may have believed all the evidence heard on behalf of the People and yet considered itself bound to dismiss the indictment because of its reliance on the mistaken rule that the circumstantial evidence must be unequivocally consistent with guilt. We cannot say with certitude that defendant would have been acquitted after a full trial by Criminal Term. In the interests of orderly procedure, accordingly, a new trial should be directed. Munder, J. I vote to dismiss the appeal on the ground that no appeal lies from the dismissal of an indictment, ordered at any time during a nonjury trial, for insufficiency of evidence. I start with the premise that the right to appeal is purely statutory. There is no constitutional right to an appeal by either the defendant or the prosecution from any ruling or determination in a criminal case. It is a matter of legislative control. Where a right to appeal is extended by statute " it should at least be stated clearly enough for the courts to give it meaning. * * * The right to appeal should not be left to inference or doubtful interpretation " (*People* v. *Reed*, 276 N. Y. 5, 14). The decision in *People* v. *Reed* was the touchstone for five annual recommendations by the Judicial Council (1938-42) to the Legislature that resulted in the addition of

subdivision 3 to section 518 of the Code of Criminal Procedure (L. 1942, ch. 832, § 1). That subdivision permitted an appeal by the People "from an order of the court, made at any stage of the action, setting aside or dismissing the indictment on a ground other than the insufficiency of the evidence adduced at the trial". From a directed verdict of acquittal under section 410 of the Code of Criminal Procedure where the sufficiency of the proof had been considered, there was no appeal, despite the fact that such a direction was a law determination. It was to correct that apparent defect that the Criminal Procedure Law now contains the provisions for a trial order of dismissal and the authority to appeal from such an order. It is my view that a trial order of dismissal has meaning in a jury trial, but is inappropriate to a nonjury trial. I note that the "trial order of dismissal" is given its statutory life by CPL 290.10, which section is found in article 290 of the CPL, entitled "Jury Trial — Trial Order of Dismissal". The text of CPL 290.10 goes on to provide in subdivision 3 thereof that when the court excludes trial evidence offered by the People so that it does not appear in the record, the People, in anticipation of a possible order of dismissal and on appeal therefrom, may "place upon the record, *out of the presence of the jury*, an 'offer of proof' summarizing the substance or content of such excluded evidence" (emphasis added). Obviously, as the Practice Commentary by Professor Denzer on section 290.10 (McKinney's Cons. Laws of N. Y., Book 11A, CPL 290.10, p. 526) acknowledges, that section is designed to replace section 410 of the Code of Criminal Procedure, which had to do only with jury trials. The only substantial change from the prior practice is the specific authority in subdivision 2 of CPL 450.20 for an appeal as of right by the People from "a trial order of dismissal, entered pursuant to section 290.10 or 360.40." Section 290.10 relates to jury trials of indictments and section 360.40 is its counterpart in relation to jury trials of informations. Although the authorization for a People's appeal relates only to these two jury trial sections, the District Attorney on this appeal adopts the view that a trial order of dismissal may be had in a nonjury case by virtue of subdivision 4 of CPL 320.20, which states that the "provisions governing motion practice and general procedure with respect to a jury trial are, wherever appropriate, applicable to a nonjury trial." I submit, however, that the key phrase in that subdivision is "wherever appropriate" and that in a nonjury trial, where the court, in addition to determining all questions of law, is the exclusive trier of all issues of fact and must render a verdict (CPL 320.20, subd. 2), there is no authorization for an appeal from an order of the type entered in this case, whether or not it be denominated a trial order of dismissal. Thus we come to the precise question presented by this appeal: "Is an appeal by the People authorized from the dismissal of an indictment based upon the insufficiency, as a matter of law, of the People's evidence in a nonjury trial?" I believe not. Despite the fact that defendant's counsel moved for a trial order of dismissal and the trial court granted the motion, it is clear to me that the court found that the People failed to prove defendant guilty beyond a reasonable doubt and that such a finding is a nonappealable acquittal. The trial order of dismissal has significance where the trier of the law takes from the trier of the facts the power to decide the facts. Where the power to decide all issues, legal and factual, is concentrated in one being, the determination must necessarily touch both. As was said by Judge Van Voorhis in *Matter of Kraemer* v. *County Ct. of Suffolk County* (6 N Y 2d 363, 366–367): "If it develops on a criminal trial that the facts are incontestably in favor of a defendant, with the consequence that on the evidence the Trial Judge has to dismiss the charge on the law, there is less reason for allowing the prosecution

to appeal than though there were a conflict in the testimony. * * * This is not a case of the dismissal of these informations in police court as themselves insufficient in law. The charges were dismissed after trial, on the basis of facts adduced by the evidence or of which judicial notice was taken, which are held, as matter of law, to fall short of establishing the crime charged. * * * The dismissal was based on the facts developed at the trial, which were reviewed in the Trial Judge's lengthy opinion ". It is true that in *Kraemer* (*supra*) the Trial Justice reserved decision on a motion to dismiss the information at the end of the People's case and heard the defendant's proofs before deciding the motion. Here, the motion to dismiss was granted at the end of the People's case. But where the Judge is the trier of both the facts and the law, and on the People's case he determines that the proof is insufficient to sustain the indictment, there seems to me to be no reason for going further. To illustrate that the dismissal in this case was on the facts, i.e., was prompted by a failure of proof, I point to the following excerpts from the trial court's opinion: (1) " The burden of proof, of course, is upon the People to show that Wingler didn't do the work, not upon the Defendant to show that he did. The People contend that Wingler approved a subdivision improperly for a client of the Defendant, and the Court will now discuss the allegation with respect to the proof adduced." (2) " The standard which the Court faces is not whether the Defendant is possibly guilty, or even probably guilty of perjury, but whether, assuming for the purpose of this motion that all of the evidence favoring the People is credible, the evidence shows that the Defendant is guilty beyond a reasonable doubt of the crime charged." (3) " The Court holds that no rational basis exists on the evidence adduced before it which would unequivocally translate the purported actions of Wingler into sufficient corroboration of the testimony of Roberts, even assuming that the language attributed to the Defendant by Roberts is unambiguous." (4) " But to show the required corroboration, the People had only these stated instances, and their proof has failed as discussed." For these reasons I vote to dismiss the appeal.