OPINION OF THE COURT
Ralph W. Sparks, J.
The People seek to introduce certain evidentiary matters predicated on the issue of relevancy in which the defense opposes and seeks to preclude at trial. After reviewing the memoranda of law submitted herein, the following is the court’s decision:
Seemingly the facts are as follows: On May 17, 1987 at the corner of Cresent and Pitkin Avenues in Kings County, the defendant had a motor vehicle accident. Shortly thereafter, the police arrived, observed the defendant and passenger with *387 a dazed look and found upon the passenger’s sole possession drug paraphernalia. The defendant was arrested for driving while under the influence of drugs and subjected to a breathalyzer test, the results of which were negative, i.e., .00%. Additionally he refused a blood test. A motion to preclude the blood test by defense counsel was granted upon a prior motion of the defendant.
The questions presented here are:
(1) Whether or not drug paraphernalia found in the sole possession of a passenger can be attributed to the condition of the defendant driver;
(2) Whether or not the observation regarding the condition of both occupants of the motor vehicle is relevant and probative as to defendant’s physical condition;
(3) Whether or not the introduction of the breathalyzer test results is irrelevant and inadmissible as to the issue of driving under the influence of drugs.
I
The defendant is neither charged with the possession of drugs nor drug paraphernalia. The sole charge is Vehicle and Traffic Law § 1192 (4), driving while under the influence of drugs. However, the People wish to introduce as evidence-in-chief the passenger’s possession of drug paraphernalia as relevant and probative evidence of illicit drug use by the defendant.
Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence (Uniform Rules of Evidence rule 401, 13A ULA 89 [1986]). Evidence is relevant and material only where there is a logical relationship between the fact offered as evidence and the fact sought to be established. (Platner v Plainer, 78 NY 90.)
The evidence sought to be introduced is in the nature of circumstantial evidence since there is no direct evidence bearing on the issue of drugs, i.e., no drugs were recovered on defendant’s person. Accordingly the guideline as to circumstantial evidence has been established in People v Weiss (290 NY 160, 163) where the court said: "In such circumstances, the facts from which the inferences are to be drawn must be established by direct proof: the inferences may not be based upon conjecture, supposition, suggestion, speculation or upon *388 other inferences: the conclusion sought must flow naturally from the proven facts and be consistent with them all: the proven facts must exclude to a moral certainty every hypothesis except that of guilt or of the offense charged and not alone must all the proven facts be consistent with and point to guilt, but they must be inconsistent with innocence (People v. Fitzgerald, 156 N. Y. 253; People v. Razezicz, 206 N. Y. 249; People v. Woltering, 275 N. Y. 51).”
In the case at bar, the passenger possessed drug paraphernalia. Nonetheless, the inference that defendant was driving while under the influence of drugs is attributed to drug paraphernalia possessed by the passenger which is an inference upon an inference and thus impermissible as noted in Richardson on Evidence (§ 148, at 119 [Prince 10th ed]). Such an inference is based upon conjecture and speculation which does not flow naturally from the facts. Additionally, the court notes the failure of evidence to impute knowledge or existence of the drug paraphernalia upon defendant. Hence, an inference based on an inference is not admissible evidence (People v Razezicz, 206 NY 249, supra); consequently the People must be precluded from introducing such evidence.
II
Under basic rules of evidence, police officers may testify as to observations and conditions of the defendant. Yet the People in this case seek to introduce the passenger’s condition as probative and relevant evidence as to defendant’s condition.
Applying the identical judicial scrutiny of relevancy as posed in the prior issue, juxtaposed with the criteria of circumstantial evidence, the introduction of evidence sought is not only irrelevant but moreover prejudicial with no probative value. The fact that the passenger and defendant exhibited similar physical appearances is not indicative that it was caused by the same source, e.g., drugs, but merely speculative ad infinitum.
The conclusion sought by the People is that since the passenger who possessed drug paraphernalia exhibited a "dazed look”, the defendant, who also exhibited a similar physical appearance, must be under the influence of drugs. Such conclusion does not naturally flow from the facts; additionally, the proven facts must exclude every hypothesis except that of guilt or of the offense charged and not alone must all the proven facts be consistent with and point to guilt but *389 they must be inconsistent with innocence (People v Gonzalez, 54 NY2d 729; People v Fitzerald, 156 NY 253, supra). The inference which could be drawn from the similar physical appearances points equally to defendant’s innocence as well as guilt. In such a case the inference most favorable to defendant must be drawn (People v Fellman, 42 AD2d 764 [2d Dept 1973]). Therefore, the court precludes any testimony regarding the passenger’s condition as irrelevant and prejudicial to defendant.
III
The introduction of breathalyzer test results into evidence is an accepted practice in the Court since its scientific reliability is no longer open to questions (People v Mertz, 68 NY2d 136). Pursuant to Vehicle and Traffic Law § 1195, the results of the breathalyzer test are admissible to show the defendant’s blood alcohol content. These results constitute strong but not conclusive evidence of guilt (People v Mertz, supra), in particular to alleged violations of section 1192 (1), (2) and (3) of the Vehicle and Traffic Law, which are alcohol-related offenses.
However, in the instant case, defendant is charged with section 1192 (4) of the Vehicle and Traffic Law which reads "No person shall operate a motor vehicle while his ability to operate such a motor vehicle is impaired by the use of a drug”. (Emphasis added.)
The .00% reading of the breathalyzer exam regarding defendant’s blood alcohol content is indicative of nothing else other than, at the time of defendant’s arrest, no alcphol was present in his blood. This court is unable to see the relevancy of permitting such blood test results into evidence to show that defendant was impaired by drugs. It Has no probative worth; additionally, it is neither rational nor logical to allow such results into evidence. To do so would offend due process, concomitantly, the basic rules of circumstantial evidence, and permit an inference on an inference which is impermissible. (Richardson, Evidence [Prince 10th ed].)
For argument’s sake, if the defendant possessed drugs at the time of arrest or prior to the auto accident was seen in possession of drugs or tested positive for drugs, this in the eyes of the court is relevant and probative evidence. However, the issues before this court are unable to surpass the hurdle of relevancy. Moreover and of equal persuasion is the evidence sought to be admitted does not "logically render * * * the *390 existence of a material fact more likely or probable then it would be without the evidence” (Richardson, Evidence § 4, at 3 [Prince 10th ed]).
Accordingly, this court grants defendant’s motion to preclude the evidentary matters discussed herein in all respects, except that the People may present as evidence any observations made of the defendant’s condition.